Lewis v. Saylors.

LEWIS v. SAYLORS.

1. **Mechanic's Lien**: MATERIALS FOR TWO BUILDINGS: LIEN ON ONE: BURDEN OF PROOF. Where lumber has been furnished to a party for two buildings, a mechanic's lien therefor may be established against one of them, without showing that the particular materials for which the suit is brought went into the particular building on which the lien is sought to be established. But it is not meant that a lien may be established upon one building for materials which are *shown* to have gone into another, but only that, if such showing is deemed of any consequence to the defendant, the burden is upon him to make it. (Compare *Bowman Lumber Co. v. Newton*, 72 Iowa, 90.)

2. ———: EVIDENCE OF OWNERSHIP OF PROPERTY. In an action to establish and foreclose a mechanic's lien, where it is proved that the defendant contracted for the materials and for the erection of the building, and procured it to be erected, and that, since its erection, he has occupied it as a place of residence, *held* that this is *prima facie* evidence of ownership by him.

3. ———: PROOF OF FILED STATEMENT: ADMISSION. In such case, where it was admitted on the trial that the copy of the account attached to the petition was a copy of the statement of the account filed with the clerk, and that the same was sworn to, and claimed a mechanic's lien, *held* that it was not necessary to introduce the sworn statement, or to prove that it had been filed with the clerk.

*Appeal from Wayne Circuit Court*—HON. DELL STUART, Judge.

FRIDAY, DECEMBER 16.

ACTION on account of lumber and building material, and for the foreclosure of a mechanic's lien. Judgment was entered by the circuit court for plaintiff. The defendant appeals.

*G. T. Wright* and *Freeland & Miles*, for appellant.

*C. W. Bolster*, for appellee.

REED, J.—I. Appellant does not question the correct-

ness of the judgment on the money demand, but contends

*1. MECHANIC'S lien : materials for two buildings : lien on one : burden of proof.* that the circuit court was not warranted by the evidence in establishing and foreclosing the mechanic's lien. The evidence shows that defendant was engaged in erecting two buildings at the same time, for each of which he procured materials from plaintiff, and it is contended that it was not shown that the particular materials for which a recovery was had went into the building on which the lien was sought to be established. It must be admitted that the evidence on the question is not very satisfactory; and, if it was material to establish that fact, we probably would be compelled to hold that plaintiff had failed to prove that all of the materials went into the particular building in question. But we held in *Bowman Lumber Co. v. Newton*, 72 Iowa, 90, upon precisely the same state of facts, that it was not necessary for the plaintiff to designate, either in his sworn statement of the account or in his petition, the particular lumber which went into either of the buildings. It was not meant by that holding that the plaintiff would be entitled to a lien upon one building for material which it was shown went into the other. All that was intended is that, if the question is of any materiality to the defendant, the burden would be upon him to show how the materials were expended. The holding might well be based upon the familiar rule that the burden of proof as to any particular fact is upon the party who, from the circumstances of the case, has the exclusive knowledge of the fact.

II. It is next contended that it was not proven that defendant was the owner of the property on which the lien

*2. ——: evidence of ownership of property.* was sought to be established. But it was proven that he contracted for material for the erection of the building, and that he procured it to be erected, and that, since its erection, he occupied it as a place of residence. As against the alleged owner, this is *prima facie* evidence of ownership.

III. It is contended, also, that there was no evidence of

the filing with the clerk of the sworn statement of the account.

3. ——: proof of filed statement: admission.

But it was admitted on the trial that the copy of the account, attached to the petition as an exhibit, was a copy of the statement of the account filed with the clerk, and that the same was sworn to, and claimed a mechanic's lien. With this admission, it is not necessary to introduce the sworn statement, or to prove that it had been filed with the clerk.

AFFIRMED.