ROOSE & WAINWRIGHT v. THE BILLINGSLY & NANSON
COMMISSION COMPANY.

1. **Mechanic's Lien** : DESCRIPTION OF PROPERTY.  Where in the
statement filed with the clerk of the court as the foundation for a
mechanic's lien the description of the property to be charged
was as follows : "Thirty lengths of corn-cribbing at Mills
Station, Pottawattamie county, Iowa." *held* that it was too
indefinite for the purpose.  (See Laws of 1876, chap. 100, sec. 6.)

2. ———— : LUMBER FOR NUMEROUS BUILDINGS : APPLICATION OF MATE-
RIAL : SUBSEQUENT PURCHASER.  Where lumber was furnished for
the erection of numerous corn-cribs at several different places, and
the cribs were afterwards sold to another party, *held* that, if any
of them were complete when purchased, and it was not shown
that any of the lumber furnished within ninety days of the pur-
chase went into such completed cribs, then the purchaser took
them free from any lien for the lumber,—no statement for a lien
having been filed until after the purchase.

*Appeal from Mills District Court.*—HON. A. B.
THORNELL, Judge.

FILED, MARCH 8, 1888.

ACTION for the enforcement of a mechanic's lien.
The defendants, McGregor Bros., were primarily liable
for the price of the materials, and the district court
entered judgment against them for the amount due on
the account.  The other defendant is a subsequent pur-
chaser of the property sought to be charged with the
lien.  The district court refused to enforce the lien, and
plaintiffs appeal.

*W. S. Lewis*, for appellants.

*C. S. Keenan*, for appellees.

REED, J.—The following is the description of the property contained in the statement filed with the clerk for the purpose of preserving the lien: "Thirty lengths of corn-cribbing at Mills Station, Pottawattamie county, Iowa; five lengths of corn-cribbing at Mineola, Iowa; fourteen lengths of corn-cribbing at Silver City, Iowa; elevator office and fifteen lengths of corn-cribbing at Malvern, Iowa; office and twenty-seven lengths of cribbing at Lawrence, except the part owned by J. B. Mears; ten lengths of cribbing at Solomon, Iowa. All at said stations along the Wabash railway." Plaintiffs proved that they furnished the materials under a contract with McGregor Bros., but did not prove that the latter had any interest in or right to the real estate upon which the buildings were erected. Nor did they prove upon what particular real estate the buildings were situated. The defendant, the Billingsley & Nanson Company, purchased the property within twenty days after the last item of materials was furnished, and a number of other items were also purchased within that time. But there was no proof as to which of the buildings those items went into, and the greater part of the materials was delivered more than ninety days before the purchase, and the statement for the liens was not filed until after the purchase. We are of the opinion that plaintiffs have failed to make a case entitling them to a foreclosure of the lien.

I.  The description of the property in the statement is not sufficient. The statute (Miller's Code, sec. 2133; Laws of 1876, ch. 100, sec. 6) provides that the statement must contain a correct description of the property to be charged. The description "thirty lengths of corn-cribbing at Mills Station" is too indefinite. Such a description in the judgment and execution would not enable the officer, whose duty it would be to execute the writ, to identify the property intended. Any thirty lengths of cribbing at that station would answer the description.

II.  If any of the buildings were complete, and none

of the materials furnished within ninety days of defendants' purchase went into them, they took them discharged of the lien, even if the statement had been sufficient.    Miller's Code, sec. 2135 ; Laws 1876, ch. 100, sec. 9, subdiv. 3.    There is no presumption as to which building those materials went into.    Neither can it be presumed that some portions of them went into each of them.    The burden of proof on those questions was on plaintiffs.    They were not entitled, as against the purchaser of the property, to judgment foreclosing the lien upon any of the buildings, without proof that said materials went into them.    But they made no proof of that fact.    The judgment of the district court will be

AFFIRMED.