(Decided 15th March, 1888.)

SAMUEL GOLDHEIM *vs.* GEORGE R. CLARK & Co.

*Mechanics' lien—Apportionment—Equitable interest—Leasehold Estates.*

Under section 21, of Article 61, of the Code, relating to Mechanics' liens, where material used in the construction of two rows of houses was furnished under one entire contract, the fact that the two rows were separated by a private alley, will not prevent a Mechanics' lien for the price of the material, from attaching to, and being apportioned among, all the houses.

The lien of a material man will attach, although the owner of the lots upon which the houses are built, has only an equitable interest.

Where houses are erected for a person, who, after they are begun, changes his interest in the ground from a fee simple to a leasehold, a material man may, if he so elect, file and maintain a lien claim against the lesser interest.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*W. Burns Trundle*, for the appellant.

The improvements on the Mary Anna street lot were begun on 7th May, 1885 ; an inchoate lien then attached to that lot, and the improvements thereupon to be erected, for all materials and labor entering into their construction. How is it possible that such lien could relate back to, and become incorporated with, a claim already acquired as against the Payson street lot and its improvements, dating from the 20th of April ? *Boyd vs. Mole*, 9 *Phila.*, 118.

In that case a joint apportionable lien was filed against four adjoining houses and lots ; they were not put up together, nor as a whole, but in separate blocks of two.

One block of two houses was in course of erection before the defendant had acquired title to the land upon which he erected the other block, and the first block was under roof before the second was commenced. Held, that upon the above recited facts, the lien as filed could not be maintained ; a separate apportioned lien against each block should have been filed.

It is settled that the right of the material man to file a lien for materials furnished to a house or block, continues for six months from the last delivery of material, and no longer. *Heath vs. Taylor*, 44 *Md.*, 312, 318.

Here, the last material furnished by the appellees for, and used in, the Payson street row, was white pine shelving, and was used on June 1st, 1885. It was of course delivered on or before that day. Assume that the date of last delivery was June 1st, the appellees must have filed their lien against this row on or before December 1st, 1885, to be in time. They filed their claim on December 10th, 1885. They were therefore too late as to this row.

Neither of them has sworn to it, though one joint lien could not be filed against three houses owned by *different persons*, though the owner of one may have acted as agent of the owner of the other two, in the purchase of the materials. *Gorgas vs. Douglas*, 6 *Serg. & R.*, 512, 520.

The authority of this case has never been questioned. When it is remembered that the lien attaches at the commencement of the buildings, upon whatever estate the lessee or tenant then has (*Mills vs. Matthews*, 7 *Md.*, 315,) and is unaffected by any change of ownership pending their construction, (*Miller & Kaufmann vs. Barroll*, 14 *Md.*, 173,) the state of the title at the inception of the building must be looked to, in order to determine whether or not a joint lien may be filed. In this case, at that time, 20th April, 1885, Diven had a leasehold title in the Payson street lot; Newbold and Carruthers owned the Mary Anna street lot in fee. Upon the authority of *Gorgas vs. Douglas*, a joint lien will not hold even if, contrary to the fact, Diven had begun the erection of houses on the latter lot, as agent for Newbold and Carruthers, its owners, simultaneously with the commencement of the improvements on the former lot. But while a joint lien, in such case, cannot be filed, it is competent for the material man to divide his bill, and file a separate lien against each house, or if built in blocks, a separate apportionable lien, against each block, for the material furnished for each. *Davis vs. Farr*, 13 *Pa. St.*, 165. In *Chambers vs. Yarnall*, 15 *Pa. St.*, 267, the question first arose in Pennsylvania, as to the right to file one joint apportionable lien against two or more different blocks of houses, fronting on different streets, erected at the same time by the same contractors; and it was held, Ch. J. Gibson, delivering the opinion, that such joint claim was void.

It was decided in *Lenderking vs. Rosenthal*, 63 *Md.*, 28–34, construing Code, Article 61, section 9, and affirming the principle settled in *Mills vs. Matthews*, 7 *Md.*, 315, that the right of the material man is strictly derivative, and can attach only on the interest, legal or equitable, of the lessee or tenant. It follows, if the estate upon which the liens have attached is surrendered or merged in the fee, with the assent of the lienors, its destruction thus

accomplished, necessarily involves the destruction of the liens, upon the principle " *cessante statu primitivo cessat derivativus.*" *Broom's Legal Maxims*, (7*th Ed.,*) 495, (*marg.*) *citing Paine's Case*, 8 *Coke*, 34.

Can a mechanics' lien claim, which is purely the creature of the statute law, be transferred, by reservation, from an estate bound thereby, to an estate not in existence when the lien was acquired? For the affirmative of the proposition some authority ought to be produced before it receives judical sanction. No departure from the provisions of the statute is ever allowed. *Wehr vs. Shryock,* 55 *Md.,* 336; *Phillips on Mechanics' Liens, sec.* 297.

If an express contract under seal be entered into inconsistent with the operation of the lien, the lien is expressly waived by the legal effect of such express contract. *Willison vs. Douglas,* 66 *Md.,* 101.

If then, the Payson street lot was released, the claim, as filed, uniting materials furnished to, and used in, the construction of the improvements on said lot, (which were no longer lienable,) with those furnished, and used in, the construction of improvements on the Mary Anna street lot is for this reason fatally defective. *Phillips on Mechanics' Liens, sec.* 296.

*Fielder C. Slingluff,* for the appellees.

A mechanics' lien does not depend for its existence upon an express contract between the parties. It presupposes a contract, express or implied, for labor to be done, or material to be furnished, which existing, the law affixes a lien for work, or material. *McLaughlin vs. Reinhart,* 54 *Md.,* 76.

In the case of the *Trustees of the German Lutheran Church vs. Heise,* 44 *Md.,* 468, the Court says, " it is not incumbent on the plaintiffs to establish an existing antecedent contract with reference to the exact quantity of work to be done, or materials to be furnished. In the absence of such express contract, the character of the

account, the time within which the work was done, or materials furnished, and the object of the work, or materials, may afford proper grounds for the presumption that the work was done, or materials were furnished with reference to an understanding from the commencement, that the work should be done, or materials furnished, if required by the builder."

It is objected, that there were two separate and distinct rows, and therefore no joint lien apportioned will lie against them. The authority for apportionment of a joint lien among several houses is derived from the Code of Public General Laws, Art. 61, sec. 21.

The same provision is to be found in the New York Act of 1875, applicable to New York City. *Kneeland on Mechanics' Liens, sec.* 106 ; *Payne vs. Bonney,* 4 *E. D. Smith,* 734 ; *Livingston vs. Miller,* 16 *Abb.,* 371.

The language of the Court in the *Okisko Co. vs. Matthews,* 3 *Md.,* 168, is "the person who sells materials is not presumed to know anything of the condition and progress of the buildings being erected or repaired. He credits the party with reference to certain buildings together, and the law gives him a lien." In *Greenway vs. Turner,* 4 *Md.,* 296, it is held, that if materials are sold and delivered for a building, it is immaterial whether they are used or not. Under our statute a claimant may file an apportioned lien against houses in different localities, provided there is one owner, and contemporaneous building, and deliveries. The owner at the time the buildings are begun is alone to be considered. *Miller vs. Barroll,* 14 *Md.,* 173.

The appellees' claim is fully sustained by the Pennsylvania authorities, the analogy of whose statutes to ours, and the decisions thereunder, fit this case exactly.

There are three Pennsylvania statutes relating to apportionment : 1830, 2 *Purdon's Digest,* 1166, sec. 43 ; *Act of* 1836, *ibid, sec.* 45 ; *Act of* 1850, *ibid, sec.* 44,

In construing these statutes the Courts do not go to the extent of saying that the buildings need not be adjoining, although this word has been left out of the statute, as amended, but lay more stress upon the entirety of the contract for supplying materials. See *Kline's Appeal,* 93 *Pa. St.,* 422 ; *Fitzpatrick vs. Allen,* 80 *Pa. St.,* 292 ; *Taylor vs. Montgomery,* 20 *Pa. St.,* 443.

STONE, J., delivered the opinion of the Court.

The defendant, Goldheim, purchased certain houses and lots in Baltimore in November, 1885, and subsequently a mechanics' lien was filed against the houses, and upon a bill filed to enforce the lien Goldheim, among others, was made a defendant. He filed two answers to the bill and set up various defences, which will be briefly noticed. The facts necessary for us to state are these :

A man by the name of Diven obtained a lease for a lot of ground fronting on Payson street, and on the same day made an agreement for the purchase in fee of an adjoining lot, separated from his leased lot by a private alley, and which lot fronted on Mary Anna street.

The object of Diven was to build on both lots, and he commenced to build on the Payson street lot, and continued on the Mary Anna street lot.

We think the evidence shows clearly that Clark & Co., the plaintiffs, furnished lumber, which was used in the construction of both the rows of houses, and was furnished under one entire contract, and Clark & Co., the material men, at the time of filing their lien claim, designated the amount claimed to be due on each building.

One of the objections urged by Goldheim is, that because the buildings were separated by a private alley the lien could not extend to them all.

This point has been directly decided in *Fitzpatrick vs. Allen,* 80 *Pa. State,* 292. The Court says in that case, that where two blocks of houses are built under the same

contract and are divided by a *private* right of way, there is not such a severance as will prevent an apportionment of the claim among the several houses. This decision was made under the Pennsylvania statute, which uses the term "adjoining," which ours does not.

But if there were no decision on the question, the 21st section of our Mechanics' Lien Law would authorize an apportionment of the lien. That section provides that in any case in which one claim for materials shall be filed against two or more buildings, owned by the same person, the claimant shall designate the amount he claims to be due on each building. This section certainly would authorize the lien to attach on two or more houses that might be separated by a mere private right of way or alley common to both. There is nothing in our law that contemplates that the houses must *adjoin* before the lien can be apportioned, and the complainant committed no error on that point.

Another objection urged, that Diven, the builder, did not acquire an interest in the Mary Anna street lots at the time he began to build, is equally untenable. He did obtain, by agreement, an interest in the Mary Anna street lots at the same time that he did in the Payson street lots, and he commenced on the Payson street lots and continued his building on the others. His interest in the Mary Anna street lots, it is true, was only an equitable interest, but such as it was, the lien attached to it.

Another objection is urged that the lien was not filed against as large an interest as Diven, the builder, had in some of these lots at the time the buildings were begun.

Admitting to the fullest extent the law as declared in *Mills vs. Matthews*, 7 *Md.*, 315, that the lien attaches only to the interest the builder has when the building is begun, yet that will not prevent the material man from filing his claim against a *lesser* interest which the builder may afterwards acquire. For his own benefit and profit Diven,

Goldheim *vs.* Clark & Co.

the builder, changed his interest in the Mary Anna street lots from a fee simple to a leasehold, and increased the ground rents on the Payson street lots. Under these circumstances neither Diven, the builder, nor any one claiming under him, will be heard to urge the objection that the lien *must* be filed against the *larger* interest. The rule that the lien attaches to the interest the builder had in the lots at the time of the erection of the building, is one for the benefit of the builder and not of the material man. The latter is presumed to know the interest of the builder, and give his credit according to his security. But there is no reason, if *he so elect*, that the material man may not be satisfied with *less* than his original security, although he cannot exact more. If the builder for his own advantage has changed the terms of a lease, or changed a fee simple into a leasehold, and the material man agrees to it, and says, in effect, you may do so, as you have retained a sufficient security for my bill, it would be glaringly unjust to allow the builder, or one claiming under him, to turn the material man out of Court because he did not pursue some other and greater interest in the lots.

The release of the fee in some of the lots by the plaintiffs, which has been relied upon as another objection, is sufficiently met by the release itself, which in terms preserves the lien on the leasehold.

*Decree affirmed with costs.*

(Decided 15th March, 1888.)