N. W. WILLIAMS v. THE JUDD-WELLS COMPANY *et al.*,
Appellants.

**Mechanic's Lien: Material Furnished for Several Buildings.**
1 Where labor and material is furnished for several houses on different
   lots, under a single contract, a general lien for all furnished may be
2 filed against all the houses and lots.

SAME: PLEADING AND PROOF. On the filing of such a statement, plain-
3 tiff may, on proper plea, prove what he furnished for each building,
4 and obtain separate liens.

Practice. Whether a demurrer may be submitted "with the evidence
   in the case," *quære*.

*Appeal from Pottawattamie District Court.*—HON. A. B.
THORNELL, Judge.

THURSDAY, MAY 24, 1894.

CHARLES R. HANNAN is receiver for Kimball-Champ
Investment Company, and both are parties defendant
in this suit. About the first of May, 1890, the plaintiff
entered into a contract with the Judd-Wells Company
and C. B. Judd to furnish labor and building materials
for twelve houses to be erected on lots in certain addi-
tions to the city of Council Bluffs. The houses were
erected in pursuance of the contract, ten of them being
on Park avenue and two on Avenue G. The houses
were on separate lots, except that on one lot there were
two. The action is to establish a mechanic's lien, and
the following is the affidavit filed to secure it:

"STATE OF IOWA,        ⎫
"County of Pottawattamie, ⎬ ss.
                       ⎭

"I, N. W. Williams, being first duly sworn, say
that on or about the first day of May, 1890, made a
verbal contract with the Judd-Wells Company and C.
B. Judd to furnish labor and building materials for

twelve (12) dwelling houses, to be erected and situated upon the following described land, of which the said Benj. M. Wells, C. B. Judd, and J. W. Taylor were then and are now, the owners in fee simple, to wit: Lots 1, 2, 3, and 4, in Judd's Park addition to Council Bluffs, Iowa; lots 1, 2, 3, 4, 5, and 6, in Wells' Park addition to Council Bluffs, Iowa; lot 6, block 16, Mill addition to Council Bluffs, Iowa. That under and by virtue of said contract the said N. W. Williams furnished the labor and building materials for said twelve (12) dwellings as specified in the annexed account, which account is hereto attached, marked 'Exhibit A,' and made a part hereof."

The account annexed shows items for labor and materials from April 29 to December 19, 1890, aggregating four thousand, one hundred and fifty dollars and ninety-nine cents, and a cash credit of three hundred and eighty-seven dollars and sixty-seven cents, leaving a balance of three thousand, seven hundred and seventy-two dollars and thirty-two cents, for which the lien is sought to be established. The account, as attached to the affidavit and filed, was general as to all the work, and in no way indicated the account as to the particular buildings. The prayer to the original petition was for a judgment for the amount, "and that he have a decree establishing his mechanic's lien against said real estate;" and a further prayer that his lien be made superior to all other defendants', etc. Mortgages were executed to Kimball-Champ Investment Company on ten of the lots for two thousand, seven hundred and fifty dollars each, and they were filed for record at different times from June 10 to October 2, 1890. The Kimball-Champ Investment Company answered by such denials of information as to put the plaintiff to the proofs, and by way of counterclaim pleaded the superiority of its mortgage liens, and asked that they be so decreed. To the petition was filed a demurrer,

and by agreement and leave of the court, the answer was to be considered as subject thereto. At the conclusion of the evidence, the plaintiff so amended his petition as to state his account against each particular building for the amount furnished to each, and asked that the lien be so established. The demurrer and answer were, by agreement, made applicable to the petition as amended, and the district court entered a decree in accord with the final prayer of the petition, making the liens superior to the mortgage liens of the investment company, and it appealed.—*Affirmed.*

*Stone & Dawson* for appellant.

*G. A. Holmes* and *Ross & Ross* for appellees.

GRANGER, C. J.—I. Appellant's particular complaint is that the "statement and lien seek to charge the eleven other buildings, and the lots on which they are situated, with a lien for the material furnished on each one, and to charge each one with a lien for all the material furnished for the remainder." By the contract under which the lien is claimed, plaintiff was to do work on forty houses in the city at a certain price per yard of plastering and a certain price per thousand for brick in the wall. The contract included the twelve houses in question. The houses were on lots some of which are contiguous and others not. All the work and materials were paid for, except such as were furnished for the houses in question, for which there is in reality a balance due as claimed. We think the fact that the lien as filed is general as to the twelve houses and eleven lots on which they are situated does not render the lien void, as claimed by appellant, and the conclusion has support in *Lumber Co. v. Newton*, 72 Iowa, 90, 33, N. W. Rep. 377. In that case, two buildings were erected on different lots, and the material was furnished under

a single contract, and so furnished that the items for the different buildings could not be designated, and the lien filed was general, as in this case. It is there said that the law "does not prohibit the establishment of liens upon two buildings. The fact that part was for one building and part for another is a question which is not material to the person seeking to enforce the lien." In *Lewis v. Saylors*, 73 Iowa, 504, 35 N. W. Rep. 601, the *Bowman Lumber case* is referred to, and it is said that "it is not meant by that holding that the plaintiff would be entitled to a lien upon one building for material which it was shown went to another. All that was meant is that, if the question is of any materiality to the defendant, the burden will be upon him to show how the material was expended." To us, the rulings in those cases seem very conclusive of this case. If such a lien is good as to two houses, why not as to twelve? The principle seems precisely the same. The only distinguishing fact that we discover is one that might change the burden of proof to show how the material was used or the labor expended. In those cases, the material was purchased and used by the defendant, and the burden is there placed on him to show where it was used. In this case, the plaintiff placed the material and labor, and, if we follow the rule suggested in the *Lewis case,* and place the burden on the plaintiff, because of his having knowledge of the fact, we only state a rule that has been complied with, for the plaintiff assumed that burden, and made a full showing of the amount for each house, and the decree is based thereon. The case of *Roose v. Billingsly & Nanson Commission Company*, 74 Iowa, 51, 36 N. W. Rep. 885, is disposed of alone on a failure to sufficiently describe the property on which the lien was sought, or a failure of proofs. The conclusiveness of our own decisions renders it unnecessary to review the authorities of other states.

II.    There is a claim that "the liens can not now be separated." The argument is based on holdings in other states, not applicable, under the holdings cited, to the law of this state. We notice *Chapin v. Persse & Brooks Paper Works*, 30 Conn. 461. The case holds, under the law of that state, that a joint lien can not be claimed upon separate houses. We do not hold to that rule, and we see no reason why, if the justice or equities of the case will be aided by it, separate liens may not be established under a general claim. Such a rule avoids multiplying suits, or may do so; and it is difficult to imagine a prejudicial consequence to result from such a course of procedure.

III.    It is said that the lien is bad because the title to the property was not all in the same owner. The issues, as made by the petition and answer, present no such a question. The case seems to have been submitted on a demurrer to the petition and answer subject thereto by consent, and later in the abstract it is said: "The demurrer was submitted to the court with the evidence of the case." Such a procedure is not that contemplated by the statute. Without saying whether or not such a submission should be entertained, it is sufficient to say that no question is before us as to the demurrer, for no ruling was made on the demurrer below, nor was any exception taken or preserved, which is essential for a review of a law question. *Hanna v. Hawes*, 45 Iowa, 437. The same considerations are conclusive of a complaint that the contract was not made with the owners of the property. It was made with the owners of a part of it. The judgment is AFFIRMED.