BADGER LUMBER COMPANY, APPELLEE, V. EMMA H.
HOLMES ET AL., APPELLANTS.

FILED JUNE 23, 1898.  No. 9691.

1. **Reversal on Appeal: PROCEEDINGS BELOW.** Where a decree in favor
of plaintiff, foreclosing a mechanic's lien, is reversed on an appeal
by the defendants, and the cause remanded to the trial court
for further proceedings, the situation of the plaintiff is precisely
the same as if his rights had never been tried.

2. **Mechanics' Liens: EXTENT OF INCUMBRANCE.** One who furnishes
materials for all the buildings on several lots, under one con-
tract, may make the entire debt a charge upon all the land, but
not a charge upon a portion thereof.

3. ———: ———. Where a portion of the premises has been absorbed
by a prior lien thereon, such material-man may have a lien for
his entire debt on the remainder of the premises.

APPEAL from the district court of Lancaster county.
Heard below before CORNISH, J. *Affirmed.*

*George H. Rogers, S. L. Geisthardt,* and *Field & Brown,*
for appellants.

*Tibbets Bros., Morey, & Ferris,* and *D. M. Vinsonhaler,*
contra.

NORVAL, J.

This is the second appearance of this cause in this
court. The opinion on the former appeal is reported in
44 Neb. 244. The Badger Lumber Company, in pursuance
of a contract entered into with Charles M. Cadwallader,
furnished lumber and other materials for the erection
of eight dwelling-houses on lots 1, 2, 3, 10, 11, and 12,
block 3, Avondale Addition to the city of Lincoln. A
verified account of said lumber and materials was duly
filed in the office of the register of deeds of Lancaster
county, claiming a mechanic's lien upon said premises for
$492.18, the balance remaining unpaid on said account.
Subsequently, this suit was instituted to foreclose plain-

tiff's claim for a mechanic's lien. Answers and cross-petitions were filed by certain defendants, setting up mortgage liens upon a portion of the premises. Emma H. Holmes and John J. Gillilan, administrators of the estate of W. W. Holmes, deceased, have succeeded to the rights of the former owners of the equity of redemption. By the first decree entered in the district court the several mortgage liens on the premises were established, and plaintiff was adjudged to have a mechanic's lien for the balance of its account on the south fifty feet of lots 1 and 2, the north fifty feet and the south fifty feet of lots 11 and 12, the west forty-five feet of lot 10, in said block 3. The Holmes estate was awarded a first lien on the west forty-five feet of lot 3, in said block. An appeal was prosecuted by the representatives of W. W. Holmes, deceased, on which appeal it was determined that the entire debt to plaintiff might be charged to all the real estate, but the whole indebtedness could not be charged to a part of the lots. Stated differently, the entire premises were liable for the costs of erecting the improvements, but that such costs might be apportioned so that the parts of the lots charged should bear no greater amount of the expense than the value of the material actually used in erecting the improvements made on such part. Plaintiff on the first trial in the district court, having been awarded a lien on a part of the real estate for the balance due it for the lumber and materials for the erection of the whole of the improvements, the decree in favor of the plaintiff was reversed and the cause remanded to the trial court for further proceedings in accordance with the former opinion. After the reversal it is disclosed by supplemental pleadings, and the proofs, that subsequent to the commencement of the action, and while the first appeal was pending in this court, Sarah A. Rogers began an action in the court below, to which the Badger Lumber Company was a party, to foreclose a mortgage on the west forty-five feet of lot 10, and a portion of lots 11 and 12, in said block 3. A decree of fore-

closure was entered therein adjudging that said mortgage was the first and prior lien on said last mentioned premises, an order of sale was issued, said real estate was sold thereunder and the sale was confirmed, and by said proceedings the subsequent mechanic's lien of plaintiff upon said last described premises was cut out.  During the pendency of the former appeal the Holmes estate, in pursuance of the stipulation of the parties, caused the west forty-five feet of lot 3, in said block 3, to be sold under the decree to satisfy its said mortgage lien.  It was stipulated that the sale should be without prejudice to the rights of the plaintiff under the said appeal.  Upon the second trial of the present cause in the district court is was determined that the Badger Lumber Company had a first lien upon all of lots 1, 2, 3, 10, 11, and 12, block 3, Avondale Addition to the city of Lincoln, except the west forty-five feet of lot 10 and that portion of lots 11 and 12 described as follows:  Commencing at a point fifty feet north of the southeast corner of lot 12, thence west ninety-five feet, thence north fifty feet, thence east ninety-five feet, and thence south fifty feet to the place of beginning, and as to this last described premises plaintiff had a second lien subject to the first mortgage lien of Sarah A. Rogers as adjudicated in the said suit brought by her.  From this decree certain defendants appeal.

It is now argued that the first or original decree rendered herein by the district court is *res judicata* against the Badger Lumber Company as to all the property in controversy upon which it was denied a lien by that decree, since plaintiff did not prosecute an appeal from the decision rendered against it.  The principle is well established that on appeal to this court the appellee can ordinarily obtain no other or different relief from that awarded him in the trial court.  But that doctrine, which is so strenuously invoked by the appellants, is not applicable here, since this court on the former appeal granted no relief to the plaintiff, but on consideration of the appeal prosecuted by defendants the decree in favor of the Badger Lumber Company was reversed and the cause

remanded to the district court for further proceedings in accordance with the views of this court expressed in the opinion filed. Under that decision the court below was authorized to try the cause *de novo* as to plaintiff's cause of action and render a decree in its favor either charging the balance due for materials furnished under the contract against all the lots, or apportion said amount to the several lots according to the rule announced in the former decision. The reversal of the cause left plaintiff in precisely the same situation as though its rights had never been adjudicated.

It insisted that the second or last decree was rendered in violation of the former decision and mandate of this court. In the previous opinion it was decided that plaintiff was not entitled to a mechanic's lien on a part of the property on which the improvements were erected for their entire costs, but that the lien might be upon all the property for the entire balance due. That decision was not violated by the court below. It found and adjudicated that plaintiff was entitled to a lien on all the lots, a first lien on certain parts, and a second or junior lien on the remainder, and that the portion of the premises on which plaintiff held a second lien had been sold under the prior mortgage lien of Sarah A. Rogers, which cut out and foreclosed plaintiff's rights or interest therein. A decree was awarded plaintiff on the second trial on the entire property on which the improvements were erected, except the portion which the proofs disclose had been already sold under the prior mortgage lien. This was a substantial compliance with our former decision. Plaintiff was entitled to a general lien on all the lots for the balance due it for materials, and it would be inequitable and unjust to hold that such general lien is defeated by the foreclosure of a prior lien on a portion of the premises. Plaintiff's lien is valid and binding on the remainder of the lots for the entire balance of the unpaid part of its claim. The decree is sustained by ample evidence.

AFFIRMED.