INTERNATIONAL MILL & TIMBER CO. *v.* KENSINGTON HEIGHTS HOMES CO.

1. MECHANICS' LIENS—LAW STRICTLY CONSTRUED—SUBSTANTIAL COMPLIANCE SUFFICIENT.

    While the essential provisions of the mechanics' lien law leading up to the attaching of the lien must be complied with, and the statute in that regard should be strictly construed, such provisions should not be "strangled by technicalities," or a forced or strained construction indulged in order to defeat the lien.

2. SAME — PLEADINGS — DEFENSES — AMENDMENTS — APPEAL AND ERROR.

    While it is doubtful if some of the defenses relied upon are available to defendants on the state of the pleadings, yet, since the pleadings might be amended in this court to save the decree, in the furtherance of justice they will be considered.

3. SAME—AFFIDAVIT—ALLEGATION OF CONTRACT WITH OWNER.

    Where the affidavit filed by plaintiff contractor with the claim of lien recited, in substance, that defendant corporation was, at the time the lien was filed, the owner of the premises, that there had been assigned to it and assumed by it a contract with the plaintiff for the erection of the houses on which the lien was claimed, and that plaintiff furnished the labor and material for the erection of the houses under the contract assumed by defendant owner, *held*, a sufficient allegation of a contract with the owner.

4. SAME—ONE LIEN ON SEVERAL HOUSES EMBRACED IN CONTRACT—CONTIGUOUS LOTS.

    Where, at the time the contract for the erection of the houses was entered into, the premises were unplatted, and, while the houses differed in type and price, the contract was entire for the erection of all of them at a lump sum, the contractor has a right to have one lien for the unpaid balance for the material and labor that went into

On right to file single mechanic's lien under entire contract against two or more separate buildings on different lots in same ownership, see note in 10 A. L. R. 1031.

all of them, although the premises were afterwards platted with his knowledge and assistance and the lots upon which the houses are erected are not contiguous.

5. SAME—CLAIM OF LIEN—AFFIDAVIT—DESCRIPTION OF PREMISES.
Although the description in the claim of lien covers more land than is properly subject to the lien, it will not therefore be defeated, in the absence of fraudulent intent, but should be limited to apply only to the lots upon which the houses are erected.

6. SAME—SLIGHT ERROR IN NAME OF DEFENDANT DOES NOT INVALIDATE LIEN.
Omitting the word "Homes" from the corporate name of defendant Kensington Heights Homes Company, in the affidavit did not invalidate the lien, since the variance was slight and did not prejudice or deceive any one.

Appeal from Gratiot; Davis (Frank D. M.), J., presiding. Submitted June 15, 1921. (Docket No. 47.) Decided July 19, 1921.

Bill by the International Mill & Timber Company against the Kensington Heights Homes Company and others to foreclose a mechanic's lien. From a decree dismissing the bill, plaintiff appeals. Reversed, and decree entered for plaintiff.

*James E. Duffy* (*Russell H. Neilson*, of counsel), for plaintiff.

*Searl & Searl*, for defendants.

FELLOWS, J. In May, 1917, plaintiff, a corporation located at Bay City, entered into a contract with Kensington Heights Homes Company, a corporation located at Alma, to build for the latter company on land owned by it at Alma 12 houses for the sum of $46,418. The land was then unplatted, but it was in the contemplation of the parties that it should be platted, and that plaintiff should assist with suggestions and other-

wise in its platting, and that the houses should be erected at such places and upon such lots as the owner should designate. Kensington Heights Homes Company was succeeded by Alma Development Company, Limited, a company organized to take over the assets and business of the former company with the same officers and management. The houses were all erected in accordance with the contract and no claim is made that plaintiff has in any way failed in any of its obligations. Payments were made from time to time aggregating $20,000. Something over $26,000 remaining due and unpaid, plaintiff filed a claim of lien, followed seasonably by this bill to foreclose it. Numerous objections were interposed to granting the relief by Kensington Heights Homes Company and Alma Development Company, Limited, the other defendants all being at default and none of them claiming any interest in the property. The trial judge dismissed the bill, and the case is here upon plaintiff's appeal.

Counsel for the defendants in presenting their objections to the foreclosure of the lien involve the rule long recognized by this court that the statute is in derogation of the common law and that it and the proceedings leading up to the attaching of the lien must be strictly construed. In the recent case of *Acme Lumber Co.* v. *Modern Construction Co.*, 214 Mich. 357, we said:

"In such consideration we shall be guided by the rule that the proceedings are statutory, that the essential requirements of the statute leading up to the attaching of the lien must be complied with and the provisions of the statute in that regard must be strictly construed. *Smalley* v. *Terra-Cotta Co.*, 113 Mich. 141. But this does not mean that such provisions shall be 'strangled by technicalities,' or that a forced or a strained construction should be indulged in order to defeat the lien."

Having the rule thus announced in mind we shall

now proceed to examine the objections made.  Before doing so it should be stated that it is doubtful if some of the defenses relied upon are available to defendants on the state of the pleadings; but as the pleadings might be here amended to save the decree in the furtherance of justice we have decided to consider them.

It is insisted by defendants' counsel that where the contractor files the claim of lien the affidavit must allege a contract with the owner, part owner or lessee, and that the language used in the affidavit here does not comply with this requirement.  We need not quote the affidavit in full; the language involved is as follows:

"* * * That said International Mill & Timber Company furnished certain labor and materials in and for the erection and building of certain houses and structures situated on the land hereinafter described, in pursuance of a certain contract made and entered into by and between the said International Mill & Timber Company and the Kensington Heights Company and the interest of the Kensington Heights Company in the said contract having been transferred to and assumed by the Alma Development Company, a corporation, the owner."

This language should be given its ordinary meaning and when read in that light we think it fairly imports that the Alma Development Company was, at the time the claim of lien was filed, the owner of the premises, that there had been assigned to it and *assumed* by it a contract with the plaintiff for the erection of these houses, and that the plaintiff furnished the labor and material for the erection of the houses under the contract *assumed* by the owner, the Alma Development Company.  The Standard Dictionary thus defines the word "assume":

"To take upon oneself; undertake; as, to *assume* a responsibility."

If the Alma Development Company, the owner of the premises, took unto itself this contract with its benefits and its liabilities, if it undertook its performance and assumed its responsibility, the contract became its contract with the plaintiff, and the plaintiff having recognized such assignment and assumption of the contract by the Alma Development Company, and having furnished the labor and material to that company in pursuance of the terms of such contract the transaction was tantamount to a novation and the contract became, and was, a contract between the contractor and the owner. Any other construction of the language used in our judgment is too narrow and rigorous.

We have already stated that the land was platted after the execution of the contract. The houses were erected on lots some of which were not contiguous. Defendants' counsel urge that no aggregate lien can be assessed against the entire 12 houses and lots where the lots are not contiguous. This contention of counsel finds support in the holdings of a number of our sister States, and counsel has shown much diligence in their research and have brought to our attention numerous cases so holding. But the authorities on this question are in hopeless conflict, a respectable number of the courts of last resort having held on each side of the question. The cases are not distinguishable. They have all been considered but will not here be reviewed. An exhaustive note on the subject will be found in 10 A. L. R., beginning on page 1031. Before stating our conclusion let us have in mind the precise case before us: We have not a case of 12 contracts for the erection of 12 houses, or a contract that is severable; we have a case of one contract for the erection of 12 houses; the houses differed in types and prices, but the contract was entire for the

erection of all of them for the lump sum of $46,418. The premises were unplatted when the contract was originally entered into but were subsequently platted with the knowledge and assistance of the contractor. There are no rights of third parties involved, the question being raised between the contractor and owner. There was no agreement that the accounts should be kept separate, and no request by the owner that this should be done.   Upon this state of facts, may the contractor have one lien for the material and labor that went into all the houses, or is such lien defeated by the fact that the lots upon which they are erected are not contiguous?   We are persuaded that, under the facts here disclosed and above stated, one lien should attach on them all for the unpaid balance. This view finds support in the following cases:   *Tenney* v. *Sly*, 54 Ark. 93 (14 S. W. 1091) ; *Burel* v. *Lumber Co.*, 129 Ark. 58 (195 S. W. 378, 10 A. L. R. 1017) ; *Williams* v. *The Judd-Wells Co.*, 91 Iowa, 378 (59 N. W. 271) ; *Goldheim* v. *Clark & Co.*, 68 Md. 498 (13 Atl. 363) ; *Livingston* v. *Miller*, 16 Abb. Prac. (N. Y.) 371; *Parker* v. *Walker*, 48 Okla. 705 (150 Pac. 690, 10 A. L. R. 1022) ; *Chadbourn* v. *Williams*, 71 N. C. 444; *Salt Lake Lithographing Co.* v. *Smelting Co.*, 15 Utah, 440 (49 Pac. 768) ; *Sergeant* v. *Denby*, 87 Va. 206 (12 S. E. 402) ; *Bohn Sash & Door Co.* v. *Case*, 42 Neb. 281 (60 N. W. 576) ; *Badger Lumber Co.* v. *Holmes*, 55 Neb. 473 (76 N. W. 174).

The description in the claim of lien and the bill is by metes and bounds.   It appears that it covers the lots upon which the houses were erected and more land; there can be no claim that this excess was fraudulently inserted in the description.   Defendants' counsel insist that under our statute the lien only attaches to the lot where the premises are in a city, as in this case, and for this reason the claim of lien is fatally defective, and numerous cases are cited which are

thought to sustain this view. In the main these cases are to the effect that the lien may only be foreclosed against the lot on which the structure is erected, but the overwhelming weight of authority is that in the absence of fraud the lien is not lost because the description embraces more land than is properly subject to the lien. See *Mivelaz* v. *Johnson*, 124 Ky. 251 (98 S. W. 1020, 14 Ann. Cas. 688) ; *Derrickson* v. *Edwards*, 29 N. J. Law, 468; *White Lake Lumber Co.* v. *Russell*, 22 Neb. 126 (34 N. W. 104) ; *Scott* v. *Goldinghorst*, 123 Ind. 268 (24 N. E. 333) ; 18 R. C. L. p. 940; 20 Am. & Eng. Enc. Law (2d. Ed.), p. 422; Wykes Michigan Mechanics' Liens, § 58. In the case of *Adams* v. *Brick & Block Co.*, 154 Mich. 448 (129 Am. St. Rep. 484), the lien claimant had claimed and been allowed a lien on a large number of lots. We did not hold the claim invalid but modified the decree and limited the number of lots to which the lien should attach. Upon the argument of this case counsel for plaintiff stated that if we sustained the lien he would only ask that it apply to the lots upon which the dwellings were erected. We think the decree should be so limited but we are not impressed that the lien was lost because the description was general and included more than the lots upon which the houses were built.

It will be noted that in the affidavit the word "Homes" was omitted from the corporate name of defendant Kensington Heights Homes Company. This slight variance did not prejudice or deceive any one; it did not invalidate the lien. 27 Cyc. p. 168, and authorities there cited.

This disposes of the legal objections interposed against the enforcement of this lien. As already stated no defense upon the facts was interposed. Upon this record it is undisputed that defendant Alma Development Company, Limited, now has in the buildings on

its land over $26,000 worth of material and labor furnished by the plaintiff which it has not paid for.

The decree of the court below will be reversed and one here entered in conformity with this opinion.

Plaintiff will recover costs of both courts.

STEERE, C. J., and MOORE, WIEST, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.