ACME LUMBER CO. *v.* COPE.

MECHANICS' LIENS—LIEN FOR MATERIAL FURNISHED FOR SEVERAL
HOUSES UNDER ONE CONTRACT ENFORCEABLE IN ONE PROCEEDING.
In a suit to enforce a mechanic's lien for material fur-
nished for five houses, not on contiguous lots, but under
one contract for the whole number, a lien, under the pro-
visions of sections 14796 and 14800, 3 Comp. Laws 1915,
may be enforced against separate houses in one proceed-
ing.[1]

Appeal from Wayne; Shepherd (Frank), J., presid-
ing.    Submitted April 10, 1925.    (Docket No. 58.)
Decided May 14, 1925.

Bill by the Acme Lumber Company against Donald
A. Cope and others to foreclose a mechanic's lien.
From a decree for plaintiff, defendant Cope appeals.
Affirmed.

*Schmalzriedt, Frye & Granse,* for plaintiff.

*Rosenthal, Rosenthal & Rosenthal,* for appellant.

MOORE, J.    The plaintiff was engaged in the retail
lumber and builders' supply business in the summer
of 1920, and it is its claim that it made a contract
orally with defendant for the sale of lumber; that
Mr. Cope paid cash for the lumber that went into the
first house, and desired credit for the lumber that
should go into some others that he proposed to build;
and that it was agreed that, if his credit references
were satisfactory, the plaintiff would furnish the
lumber for as many of these small houses as defendant
desired, and that the lumber was so furnished for five
houses in all.    Defendant denies that there was but

_____
[1] Mechanics' Liens, 27 Cyc. p. 224.

one contract, and insists that a separate contract was made for the lumber for each house. It is not denied that the lumber was furnished and that it went into the houses on lots mentioned later, and has not all been paid for. This proceeding is to obtain a lien on the houses into which the lumber was put. The trial judge made a decree establishing a lien

"and that the respective amounts due on each of the buildings erected upon said lots are as follows:

| | |
|---|---|
| Lot No. 699 | $508.13 |
| Lot No. 701 | 431.88 |
| Lot No. 703 | 361.72 |
| Lot No. 733 | 43.15 |
| Lot No. 730 | 53.12" |

and directing a sale in the usual manner. The case is brought into this court by appeal.

The buildings were erected on lots that are not contiguous, and the question is whether the lien can attach to these separate houses in one proceeding.

The trial judge expressed himself in part as follows:

"The purchaser of the property for which a lien is claimed is one individual. I do not see how the interests of the defendant here appearing and objecting is prejudiced by the fact of one action being brought against him instead of five. I think, on the other hand, he might have a right to complain if five separate and distinct actions had been brought; and there is no question at all but what if, upon application made, in case five actions had been brought, they would have been united and heard as one; and I know of no reason why this court, proceeding as we are in one case as to the five lots, can not deal with the five just the same as though commenced separately and then combined in one case; because it is now agreed there must not only be a uniting of the parties, but unity of contract in order to entitle the plaintiff to a lien.

"The court is decidedly of the opinion on reviewing the testimony that there was but one contract in this case, as to the five lots involved. Material for the erection of one building was paid for, and that building is not involved in this case. * * *

"I can not conceive of any injury that Mr. Cope has suffered by reason of one action being brought—one lien being on—instead of five.

"A lien may be held to attach to the houses."

The provisions of the statute involved are found in sections 14796 and 14800, 3 Comp. Laws 1915. These provisions are too long to quote but are easily accessible.

The lien statute was construed in the recent case of *International Mill & Timber Co.* v. *Kensington Heights Homes Co.*, 215 Mich. 178, where relief was given though the houses were not erected upon contiguous lots.

We think the judge was right in holding there was but one contract, and that in applying the principles stated in the case just cited to the instant case, that his decree should be sustained.

The decree is affirmed, with costs to the appellee.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.