## UNITED STATES v. LUQUIRE FUNERAL CHAPEL et al.

### No. 13763.

United States Court of Appeals
Fifth Circuit.

Oct. 31, 1952.

Robert Mandel, Atty. Dept. of Justice, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., John D. Hill, U. S. Atty., George Huddleston, Jr., Asst. U. S. Atty., Birmingham, Ala., for appellant

Joseph S. Mead, Birmingham, Ala., for appellees.

Before BORAH, STRUM, and RIVES, Circuit Judges.

RIVES, Circuit Judge.

The district court held that a notice addressed to "Luquire Ambulance Company" when it should have been addressed to "Luquire Funeral Chapel, Inc." was insufficient, and hence that no lien was created within the purview of Section 12(o) of the Railroad Unemployment Insurance Act, 45 U.S.C.A. § 362(o), set out in the margin.[1] The appellee[2] insists that the judgment in its favor should be affirmed on account of the claimed insufficiency of the notice, and, if not, then because there was no proof "of any liability" on the part of the appellee for the sickness of the railroad employee.

The case was tried upon an agreed statement of facts. The railroad employee, George R. Sewell, was injured in a motorcycle accident. An ambulance of Luquire Funeral Chapel, Inc., while transporting him to a hospital, collided with an automobile. Luquire Funeral Chapel, Inc. denied and still denies all liability for the injuries alleged to have been sustained by Sewell as the result of said collision, but ultimately agreed to a settlement pursuant to which judgment by consent in the State court was entered in favor of Sewell and against the Luquire Funeral Chapel, Inc. in the sum of $5,000.00 and costs, which judgment has been paid and satisfied.

Meanwhile, Sewell had filed claims with the Railroad Retirement Board for sickness benefits stating that his injuries were sustained in a collision between an automobile and an ambulance of "Luquire Ambulance Company, Birmingham, Alabama." Over a period of months, the Railroad Retirement Board paid to him sickness benefits on said claims in the total amount of $985.00. The Board mailed a letter addressed to the "Luquire Ambulance Company" notifying it of the Board's claimed right of reimbursement under the provisions of Section 12(o), supra. There was no Luquire Ambulance Company, but the correct corporate title was Luquire Funeral Chapel, Inc. The letter was received by appellee's President and turned over by him to its attorney, who placed it in the legal files concerning the suit which Sewell had brought against the appellee. Notwithstanding that letter, Sewell's claim against the appellee was subsequently compromised and settled without recognition of the Board's right of reimbursement.

Under Section 12(o), the lien arises "upon notice" to the party alleged to be responsible for the injury. Appellee insists that since the notice is a condition precedent to the creation of the lien, the Board had no rights until the giving of the notice in precisely the manner required. It appears to us that no particular form of notice is prescribed, and that actual notice is sufficient. Luquire Funeral Chapel, Inc. was not misled because the notice was wrongly addressed to Luquire Ambulance Company. It reached the appellee for whom it was intended and fulfilled every purpose of, and in effect was, a legal and sufficient notice.[3] We would not underes-

1. "Benefits payable to an employee with respect to days of sickness shall be payable regardless of the liability of any person to pay damages for such infirmity. The Board shall be entitled to reimbursement from any sum or damages paid or payable to such employee or other person through suit, compromise, settlement, judgment, or otherwise on account of any liability (other than a liability under a health, sickness, accident, or similar insurance policy) based upon such infirmity, to the extent that it will have paid or will pay benefits for days of sickness resulting from such infirmity. Upon notice to the person against whom such right or claim exists or is asserted, the Board shall have a lien upon such right or claim, any judgment obtained thereunder, and any sum or damages paid under such right or claim, to the extent of the amount to which the Board is entitled by way of reimbursement."

2. Luquire Funeral Chapel, Inc. and Johns Funeral Chapel, Inc. had merged, and we therefore refer to the appellees as a single party.

3. No case on this point has been decided under this Section, but diligent counsel have collected many cases as to the sufficiency of notice under other statutes. Closely analogous are cases of mistakes in the names of persons to whom writs of garnishment are addressed; e. g. Johnson v. McDonald, Tex.Civ.App., 73 S.W.

timate the help rendered by technical accuracy in notices and proceedings toward attaining the goal of justice under law, but it is seldom that a poor vehicle should compel abandonment of the journey.

■ In support of its further defense, appellee points out that the Board is entitled to reimbursement from any sum or damages paid "on account of any liability" based upon the infirmity for sickness resulting from which the benefits are paid, and that there was no showing in this case of any such liability on the part of the appellee. The appellee denied liability and insists that "it bought its peace and procured a release by the entry of a consent judgment." Section 12($o$), supra, explicitly provides that the Board's right of reimbursement extends to any sum or damages paid through "compromise" or "settlement". It refers several times in the alternative to the employee's "right or claim", and in one instance follows those words with the alternative expression "exists or is asserted". The railroad Unemployment Insurance Act contains no express provision for the Board's enforcement of the employee's right or claim against an alleged tortfeasor in the event the employee himself elects not to pursue the same, and that is probably for the reason that, without the employee's cooperation, such a provision would usually prove to be impractical or unenforceable. It is true also, we think, that the Board's right to reimbursement in cases of compromise or settlement would generally be unenforceable, if the Board had to prove that the compromise or settlement was based upon actual legal liability for the employee's injuries. An employee who asserts a colorable or false claim against an alleged tort-feasor cannot expect more favorable treatment from the Board than one whose right is based upon legal liability. In either case, the obstacle to a compromise or settlement is a necessary consequence of the employee's acceptance of benefits from the Board. The result contemplated by the Act is that the Board shall ultimately respond in benefits to the employee only to the extent that damages are not collected from the alleged tort-feasor.

The judgment is therefore reversed with instructions to enter judgment for the appellant, plaintiff below.

Reversed.

2d 128; Arkansas Rice Growers' Co-operative Ass'n v. Minneapolis-Moline Power Implement Co., 188 Ark. 187, 65 S.W. 2d 913; Aly v. Texas Publication House, Tex.Civ.App., 5 S.W.2d 235; Bailie Furniture Co. v. Hotel Richmond Inc., 57 Ga. App. 281, 195 S.E. 216; Eslinger v. Herndon, 158 Ga. 823, 124 S.E. 169, 900. The cases cited by the parties include, for the appellant; International Mill & Timber Co. v. Kensington Heights Homes Co., 215 Mich. 178, 183 N.W. 793; Whiteselle v. Texas Loan Agency, Tex.Civ.App., 27 S.W. 309; Coffee v. United States for Use and Benefit of Gordon, 5 Cir., 157 F.2d 968; United States for Use of Birmingham Slag Co. v. Perry, 5 Cir., 115 F.2d 724; The Maine, D.C., 28 F. Supp. 578, 580, 581, affirmed sub nom. Standard Wholesale Phosphate & Acid Works v. Travelers Ins. Co., 4 Cir., 1939, 107 F.2d 373; and for the appellee; Fleisher Engineering & Construction Co. v. United States for Use and Benefit of Hallenbeck, 311 U.S. 15, 61 S.Ct. 81, 85 L.Ed. 12; United States v. Beaver Run Coal Co., 3 Cir., 99 F.2d 610; Barton v. City of Waterloo, 218 Iowa 495, 255 N. W. 700; In re Lounsberry, 208 Iowa 596, 226 N.W. 140.