**UNITED STATES of America, Plaintiff,**

v.

**Jesse KAHAN and Empire Mutual Insurance Co., Defendants and Third-Party Plaintiffs,**

v.

**Edwin BEASTON et al., Third-Party Defendants.**

United States District Court
S. D. New York.
March 21, 1962.

330

Robert M. Morgenthau, U. S. Atty. for the Southern Dist. of New York, for plaintiff; Elizabeth F. Defeis, Asst. U. S. Atty., New York City, of counsel.

Raymond J. MacDonnell, New York City, for defendants and third party plaintiffs; Robert G. Willner, New York City, of counsel.

SUGARMAN, District Judge.

The plaintiff United States of America moves for summary judgment against defendants Jesse Kahan and Empire Mutual Insurance Co. Pursuant to General Rule 9(g) of this court the movant has annexed to its notice of motion a statement of the material facts as to which it contends there exists no genuine issue to be tried.

The defendants do not annex to their opposing papers any statement pursuant to said General Rule as to which they contend there exists a genuine issue to be tried.

Hence, under General Rule 9(g), the facts set forth in the movant's statement aforesaid are deemed admitted. These facts are:

"1. On February 3, 1954, Edwin Beaston was struck by an automobile driven by Jesse Kahan who was insured by the Empire Mutual Insurance Company.

"2. Pursuant to the provisions of the Railroad Unemployment Insurance Act, 45 United States Code, §§ 351–367, the Railroad Retirement Board paid the claim of Edwin Beaston for sickness benefits as a result

of injuries sustained by him on February 3, 1954.

"3. On August 9, 1954, the Railroad Retirement Board sent a letter to the defendant, Empire Mutual Insurance Company, advising the Company that $728 had already been paid to Mr. Beaston by the Railroad Retirement Board and that additional benefits might be paid.

"4. After $633.50 in additional benefits had been paid to Edwin Beaston, the case of Edwin Beaston v. Jesse Kahan was settled in the Supreme Court, Bronx County, Trial Term, Part I, in October, 1955 for $8500.

"5. Empire Mutual Insurance Company paid the full sum over to Mr. Beaston's attorneys. The Railroad Retirement Board received only $728.00 and was not reimbursed for the $633.50 in additional benefits that were paid to Edwin Beaston subsequent to August 9, 1954."

There can be no doubt that on the above admitted facts the government will ultimately have judgment for the $633.50 unpaid balance of the amount paid to Beaston by the Railroad Retirement Board.[1]

That, however, is not the question presented by the instant motion.

The filed papers in this case disclose that the government commenced its suit only against defendants Kahan and Empire Mutual on May 29, 1959. By leave of court granted July 29, 1959, said defendants as third party plaintiffs filed a third party complaint against Beaston and his attorneys which, with the third party summons, was thereafter duly served on all third party defendants.

It does not appear that the government has amended its pleadings to assert a claim against any of the third party defendants.

In that posture the question posed is whether the government may now have summary judgment against defendants Kahan and Empire Mutual without showing any attempt to reimburse itself from Beaston before looking to Kahan and Empire Mutual.

The admitted facts are silent as to any attempt by the plaintiff to first recover from Beaston.[2]

■ This deficiency is fatal to the government's present motion for summary judgment against Kahan and Empire Mutual.[3] Paraphrasing what was said in Atlantic (237 F.2d p. 140):

"Since reimbursement under the statute must be made from the damages paid or payable to the employee, and since [Mr. Beaston] has received the full amount of the damages, [he] should make the payment. Only if collection cannot be made from [him] should the [defendants Kahan and Empire Mutual] be called upon to pay again the damages which [they have] already paid."

■ While Atlantic leaves it to the trial judge in his discretion to determine whether (again paraphrasing)

"the equity of [defendants Kahan and Empire] should be worked out by way of subrogation, with recovery over upon payment, or by way of exoneration, with judgment against both parties and with direction that it be enforced first against the party primarily liable"

neither such course is pursued herein by the movant.

The plaintiff's motion for summary judgment against defendants is denied.

It is so ordered.

---

1. Lewis et al. v. Railroad Retirement Board, 256 Ala. 430 (1951), 54 So.2d 777, cert. denied, 343 U.S. 919, 72 S.Ct. 677, 96 L.Ed. 1333 (1952).

2. A statement in the government's brief on this motion that "Beaston, who is unemployed due to physical disability, does not appear to be able to reimburse the Board" is ignored.

3. United States v. Atlantic Coast Line R. R. Co., 237 F.2d 137 (4th Cir. 1956).