**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Dianne ROGERS, Defendant-Appellant.**

**No. 80–7777.**

United States Court of Appeals, Fifth Circuit.*

Unit B

Oct. 5, 1981.

William L. Skinner, Decatur, Ga., for defendant-appellant.

Kathie G. McClure, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GEWIN **, RONEY and HATCHETT, Circuit Judges.

RONEY, Circuit Judge:

Defendant Dianne Rogers, a railroad employee, received benefits pursuant to the Railroad Unemployment Insurance Act, 45 U.S.C.A. § 351 *et seq.*, for injuries arising out of an automobile accident. She later recovered damages from the other driver. The issue on appeal is whether the Railroad Retirement Board is entitled to reimbursement from defendant's third party recovery even though state law permitted her to recover for pain and suffering only, and not for her economic loss. Holding the Board was entitled to reimbursement, we affirm.

The facts are not in dispute. Rogers was injured in the automobile accident in July 1977. She filed a civil action in state court against the other driver and his insurer.

Shortly after the accident, Rogers began to receive benefits for her injuries and loss

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

** The case is being decided by a quorum due to the death of Judge Gewin on May 15, 1981. 28 U.S.C. § 46(d).

of work under the Railroad Unemployment Insurance Act. She received a total of $3,250 in benefits over the next six months. In compliance with the Act, the Railroad Retirement Board notified the parties in the civil action that it would assert a lien for the amount of benefits it had paid out against any judgment or settlement in her third party lawsuit.

In January 1980, a settlement was reached in the civil suit in which Rogers received $20,500. When Rogers refused to reimburse the Board for the benefits, it filed this federal action to enforce its lien. The district court granted judgment on the pleadings to the Board, holding it was entitled under the Act to reimbursement. Rogers appeals.

Section 362(*o*) of the Railroad Unemployment Insurance Act provides that benefits are payable to eligible employees regardless of the potential liability of any third party for the "infirmity," which includes injuries of the type suffered by Rogers. 45 U.S.C.A. § 362(*o*). The provision, however, expressly establishes a right of reimbursement, for which the Board may assert a lien, should the employee ultimately recover from the third party:

> The Board shall be entitled to *reimbursement from any sum or damages paid or payable to such employee* ... through suit, compromise, settlement, judgment, or otherwise on account of any liability ... based upon such infirmity, to the extent it will have paid or will pay benefits for days of sickness resulting from such infirmity.

*Id.* (emphasis supplied). The result contemplated by the Act, then, is that the Board "shall ultimately respond in benefits to the employee only to the extent that damages are not collected from the alleged tortfeasor." *United States v. Luquire Funeral Chapel*, 199 F.2d 429, 431 (5th Cir. 1952).

At first blush, it appears that under the clear terms of the Act, the Board is entitled to reimbursement out of the settlement. *See, e. g., United Pacific Insurance Co. v. United States*, 362 F.2d 805 (Ct.Cl.1966); *United States v. Kahan*, 203 F.Supp. 329 (S.D.N.Y.1962). Rogers, however, asserts a novel argument against reimbursement, which runs as follows: (1) since the sickness benefits awarded under the Act compensate for economic loss, the Board is entitled to reimbursement only where the employee recovers for economic loss; (2) under the Georgia Motor Vehicle Accident Reparations Act, Ga.Code Ann. § 56–3401b, Rogers was precluded from recovering from the other driver the first $5,000 of her economic loss; therefore (3) the $3,250 paid by the Board may not be reimbursed from Rogers' settlement, which could not have included any amount for the first $5,000 of her economic loss.

As the district court noted, however, section 362(*o*) neither characterizes the benefits made by the Board nor restricts the right to reimbursement to recovery for economic loss. The section provides for reimbursement from *any sum or damages* paid to the employee from the liable third party. Rogers cites no cases or legislative history indicating "any sum or damages" actually means only amounts recovered for economic loss rather than for pain and suffering.

■ Under the clear language of the federal statute, whether or not Georgia law restricts Rogers' recovery to certain types of damages is irrelevant to the Board's right of reimbursement. The only requirement is that the sum she received was "on account of liability" arising out of the accident. 45 U.S.C.A. § 362(*o*). This requirement is satisfied here.

■ The Board's right of reimbursement under the Act cannot be restricted by state law. The Supreme Court has recently held that state law may not impede the Act where it "conflicts with the express terms of [the Act] and [where] its consequences sufficiently injure the objectives of the federal program to require nonrecognition." *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 583, 99 S.Ct. 802, 809, 59 L.Ed.2d 1 (1979) (anticipated benefits under the Act may not be allocated according to state community property laws).

The district court did not err in enforcing the Board's lien for the benefits paid to Rogers.

AFFIRMED.