Adams v. Penzell & Co.

---

## ADAMS vs. PENZELL & CO.

40 531
66 585

40 531
90 241

**ATTACHMENT:** *Garnishee must not pay out assets after service of garnishment.*

A lien is fixed upon the assets of a debtor in the hands of a garnishee by the service of the garnishment upon him, and he can not afterwards pay any portion of them to attorneys for defending the attachment suit.

APPEAL from *Yell* Circuit Court.

Hon. W. D. JACOWAY Circuit Judge.

*W. A. May* and *Thos. M. Gibson* for appellant.

Appellant was a trustee, and it was his duty to protect the

Adams v. Penzell & Co.

trust estate; he was empowered by the deed to employ counsel, and he should have been allowed credit for the $85.00.

Appellees' judgment was for only $128.40, but the Court ordered the payment by appellant of $324.50. This was error.

The order was *final.*

*Cunningham & Carter* for appellees.

Adams commenced selling goods immediately after taking charge, and paying creditors. This was in violation of law. *Sec.* 387, *Gantt's Dig.*

The attorney's fees were paid *after* service of garnishment, and at his hazard. He was not a trustee, for the deed was void.

This was not a *final order. Gantt's Dig., sec's.* 421, 423; 4 *Otto*, 11; *Freeman on Judg., sec's.* 12, 26, 27, 33, 34; 36; 29 *Ark.,* 470; 2 *Nash. Pl. & Pr., p.* 80, *sec.* 32, *4th Ed.*

### STATEMENT.

ENGLISH, C. J. On the 27th of October, 1881, Penzell & Co. commenced this suit, by attachment, against Stewart & Co., upon an open account for $127.40, in the Circuit Court of Yell county for the Dardanelle District.

About the same time other creditors of Stewart & Co. sued out attachments against them in the same Court.

The attachments were levied on goods as the property of Stewart & Co., and L. C. Adams was summoned as a garnishee.

The goods were sold as perishable property under an order of the Circuit Judge at chambers, and the sheriff returned that the proceeds of sale were $620.14 in cash and notes.

The attachments were sued out upon affidavits that defendants had sold, conveyed or otherwise disposed of their property, &c., with the fraudulent intent to cheat, hinder and delay their creditors.

Defendants filed in this case a motion to quash the writ of attachment for an alleged informality in the affidavit, which was overruled. In another of the attachment cases (Meyer Brothers v. Stewart & Co.) defendant controverted the truth of the affidavit, and it was agreed by the attorneys in the cases that the judgment in that case upon that issue should determine the truth of the affidavit in this. There was a trial and judgment sustaining the truth of the affidavit in that case, and a like judgment was entered in this. The attachment being sustained, and defendant making no defense to the *personam* branch of this suit, judgment was entered against them in favor of plaintiffs for the amount of their demand, and the proceeds of the sale of the property attached, in the hands of the sheriff, were condemned for its satisfaction.

It appears that L. C. Adams, summoned as a garnishee, interpleaded for the property attached, in the case of Meyer & Brothers v. Stewart & Co., claiming title under a deed of assignment executed to him by Stewart & Co., and it was agreed by the attorneys of the parties that the judgment upon the interplea in that case should determine the claim of Adams, as assignee, to the property in this case. That the trial of the interplea resulted in a judgment against Adams on the ground that the deed of assignment was fraudulent and void as against the attaching creditors of Stewart & Co., and a like judgment was, under the agreement, entered in this case.

Adams filed his answer as garnishee, stating that he was not, at the date of the issuance of, or the service of the writ of attachment and garnishment herein, indebted to said defendants Stewart & Co., nor had any moneys, goods, chattles, credits or effects belonging to them, or either of them, in his possession, &c.

Plaintiffs, Penzel & Co., entered a denial of the truth of

the answer, and the issue was submitted to a jury, under an agreement of the attorneys of the parties that the result of the trial should settle like issues in the other attachment cases.

Plaintiffs examined Adams on oath, and his statement was in substance as follows: That on the 25th of October, 1881, he took charge of the goods assigned to him by Stewart & Co., gave bond, filed a schedule required by law, and began the sale of the goods. That he had been in possession of the stock of goods, under the assignment, three days, when the sheriff seized them under the writs of attachment in the suits of plaintiffs and other creditors. That during the time he was in possession of the goods, he sold part of them for $515.00 in cash, and before the levy of the attachments und service of the garnishments, he paid out to Robert Turner, one of the preferred creditors in the assignment, on his debt secured thereby, $125.00, and to G. L. Kimball, for rent, $25.00, and for clerk's fees, &c., $10.50, making in all $160.50 paid by him out of the proceeds of the sale of the goods before the service of the writs of garnishment. That after the writs were served on him he paid out of the proceeds of sale $85.00 to attorneys to defend the attachment suits against Stewart & Co. That he had in his hands notes and accounts due Stewart & Co. at the time he took possession of the stock of goods, amounting to $101.40.

It was agreed by the parties that he should be allowed $30. as compensation for his services during the time he was in possession of the stock of goods.

The above being all the evidence, the Court instructed the jury, on motion of plaintiffs, and against the objection of Adams, that the deed of assignment being void (having been so declared by the Court on the trial of the interplea) they would find the amount of money held by Adams as assignee

Adams v. Penzell & Co.

of Stewart & Co. at the date of the service of the writs of garnishment, less $30.00 allowed him as compensation; and further find the amount of notes and accounts in his hands as assignee of Stewart & Co.

And the Court, in effect, refused to instruct the jury, at the instance of Adams, that he was entitled to a credit for the $85.00 paid out by him to attorneys for defending the attachment suits after the service of the writs of garnishment.

The jury found by their verdict that Adams had in his possession at the date of the service of the writs of garnishment $324.50 in cash, belonging to Stewart & Co., and accounts due them amounting to $101.40.

The Court adjudged and ordered that Adams forthwith pay into Court the money found to be in his hands by the jury, and turn over to the Clerk of the Court the accounts found to be in his possession, due Stewart & Co.

Adams moved for a new trial, which was refused, and he took a bill of exceptions and appealed.

### OPINION.

Appellant was allowed credit for all the money he had paid out before the service of the garnishment, and also a credit by agreement, of $30 for his services as assignee. The only question, therefore, presented on this appeal is, whether the Court erred in refusing to instruct the jury to allow him credit for the $85.00 paid by him to attorneys after the service of the garnishment.

The garnishment was binding on Appellant from the date of its service, and fixed a lien on the money in his hands in favor of appellees, and he afterwards paid it out at his peril. *Bergman v. Sells & Co.*, 39 *Ark.*, 101, *and cases cited.*

He had no right to pay out money in his hands upon which a lien was so fixed, to attorneys to defend the attach-

*[margin note:] Garnishee Must not pay after service on him.*

ment suits against Stewart & Co. *Hunt v. Weiner et al*, 39 *Ark.*, 70.

It has been submitted by counsel for appellant that the proceeds of the sale of the goods attached in the hands of the sheriff, were more than sufficient to satisfy the judgment of appellees, and that it was needless to require him to pay into Court the money, and to turn over to the Clerk the accounts, in his hands.

To this it may be answered that the record before us discloses the fact that there were several attaching creditors, and nothing to show that the whole of the effects in the hands of the sheriff and in the hands of appellant were not required to satisfy their claims, and there may have been questions of priority to be settled by the Court in which appellant was not concerned, his only claim to hold the effects in his hands being founded on a deed of assignment which the Court had adjudged to be fraudulent and void as against the attaching creditors.

Upon the record before us the judgment appealed from must be affirmed.