LITTLE ROCK TRACTION & ELECTRIC COMPANY *v.* WILSON.

Opinion delivered October 7, 1899.

GARNISHMENT—PRACTICE.—A judgment rendered by a justice of the peace in favor of a plaintiff against a garnishee in a case in which allegations and interrogatories have not been filed, though irregular, is not void. (Page 584.)

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge.

*Rose, Hemingway & Rose*, for appellant.

The statutes authorizing and regulating garnishments must be strictly construed.   5 Ark. 135; Rood, Garnishment, §§ 3, 5 and 6.   The allegations and interrogatories provided for by the statute are jurisdictional, they being the means by which jurisdiction of the subject-matter is obtained.   Hempst, 662; 16 Ore. 329; S. C. *id.* 539; 23 Ore. 206; 18 Ark. 593.   The decrees of court, even of general jurisdiction, rendered without pleadings, are void.   93 U. S. 283; 56 Ark. 422; 55 Ark. 205.   Since default by the garnishee must be in failing to answer interrogatories, there can be no default judgments where none are filed.   31 Ill. 144; 29 Ill. 315.

*Marshall & Coffman*, for appellees.

The judgment could not be quashed on certiorari unless void for want of jurisdiction.   55 Ark. 200, 205.   Garnishment is a creature of statute, and the attitude of the garnishee and his duties are dependent solely upon the various statutes.   Rood, Garn. § 178.   Nowhere, except in Oregon, have the allegations and interrogatories been held to constitute a complaint in a new suit.   Issues in garnishment are made up by denial and reply, and not by answers and interrogatories. 30 Mo. App. 341.   The denial to the answer stands in the place of a complaint.   75 Mo. 380; 9 Enc. Pl. & Pr. § 844–5; Rood. Garn. 354.   *After answer,* one attachment garnishment requires a regular suit.   52 Ark. 130.   As showing the light in which one court has held the allegations and interrogatories, see: 31 Ark. 652, 656; *Ib.* 387; 8 Am. & Eng. Enc. Law, 1120; Sand. & H. Dig, § 3510; 4 Ark. 516; 18 *ib.* 593; 7 Ark. 338.   Upon failure to appeal and answer, default is not taken on the allegations and interrogatories or for the amount alleged to be due in them, but *on the writ,* for the amount of the original judgment and costs stated therein.   Sand. & H. Dig. § 3516; 5 Ark. 183; 8 Am. & Eng. Enc. Law, 1247; 12 Ia. 22.   There was no lack of jurisdiction on account of want of pleadings.

BATTLE, J.   Appellant filed a petition in the Pulaski circuit court, which, omitting the caption, is in the words and figures following:

"Petitioner, a corporation organized and existing. under the laws of this state, represents to the court that, on the 21st day of June, 1897, the defendant, J. B. Dickinson, recovered a judgment before the defendant, T. W. Wilson, justice of the peace for Big Rock township, in said county, against Taylor Kincade for $13.75.   On the 6th day of July, 1897, said Dickinson sued out a writ of garnishment before said Wilson, as justice of the peace, directed to the petitioner herein, requiring it to appear and answer on the 16th day of July, 1897, which writ was served on Allen H. Johnson, as president of the petitioner, on the day it was issued.   On said 16th day of July, 1897, said Wilson, as justice aforesaid, entered up a judgment against the petitioner in favor of said Dickinson for $18.95, the amount of judgment and costs against said Kincade.   Petitioner states that said Dickinson wholly failed to file the allegations and interrogatories required by law at the time of the suing out of said writ, or any time thereafter, and petitioner was not required to appear and answer said writ, and said justice was wholly without jurisdiction to enter said judgment against petitioner, and said judgment is absolutely void; all of which appears by a certified copy of the record of said justice, made a part of this petition.   Wherefore your petitioner prays a writ of certiorari from this court directed to said Wilson, commanding him to bring up the records of his court in the case of J. B. Dickinson v. Taylor Kincade, Little Rock Traction & Electric Company, garnishee, to the end that the same may be inspected and said judgment quashed."

The circuit court refused to grant the petition, and rendered a judgment against the petitioner in favor of the defendant for costs; and petitioner appealed.

The question presented by the petition for decision is, is a judgment rendered by a justice of the peace in favor of a plaintiff against a garnishee in a case in which allegations and interrogatories were not filed at the time prescribed by law, or at any other time, void?

Section 3508 of Sandels & Hill's Digest of the statutes is

as follows: "In all cases where any plaintiff may have obtained a judgment in any court of record, or before any justice of the peace, and such plaintiff shall have reason to believe 'that any other person is indebted to the defendant, or has in his hands or possession goods and chattels, moneys, credits and effects belonging to such defendant, such plaintiff may sue out a writ of garnishment, setting forth such judgment, and commanding the officer charged with the execution thereof to summon the person therein named, as garnishee, to appear at the return day of such writ, and answer what goods, chattels, moneys, credits and effects he may have in his hands or possession belonging to such defendant to satisfy said judgment, and answer such further interrogatories as may be exhibited against him."

In *Probst* v. *Scott*, 31 Ark. 652, this court held that a writ of garnishment issued under this section of the statute, though not an execution, is in the nature of an execution, and is a means provided for obtaining satisfaction of the judgment of the creditor out of the property of the debtor, and that the defendant in the judgment upon which the writ issued could, under the constitution of 1868, select the debt owing him as exempt from a garnishment process, provided it did not exceed the amount he was allowed to hold as his exemption from sales under executions. In other cases it was held that the service of a writ of garnishment created a lien in favor of the plaintiff in the judgment upon any indebtedness of the garnishee to the defendant, and that no subsequent arrangement or cancellation of the indebtedness between the garnishee and defendant could defeat the lien thus acquired. *Martin* v. *Foreman*, 18 Ark. 249; *Adams* v. *Penzell*, 40 Ark. 531; *St. Louis, I. M. & S. Ry. Co.* v. *Richter*, 48 Ark. 349.

Section 3508 was amended by the act of April 19, 1895. As amended, the statute provides that a writ of garnishment may issue "in all cases where any plaintiff may begin an action in any court of record, or before any justice of the peace, or may have obtained a judgment before any of such courts, and such plaintiff shall have reason to believe that any other person is indebted to the defendant, or has in his hands or possession goods and chattels, moneys, credits and effects belonging to such defendant." No condition upon which the writ shall be issued,

except those named, is prescribed or required.  It is true that the act of April 8, 1889, provides that "the plaintiff shall, on the day on which he sues out his writ of garnishment, prepare and file all the allegations and interrogatories, in writing, with the clerk or justice issuing such writ, upon which he may be desirous of obtaining the answer of such garnishee touching the goods and chattels, moneys, credits and effects of the said defendant, and the value thereof, in his hands and possession at the time of the service of such writ or at any time thereafter."  Before the enactment of the code of practice in civil cases, the statutes upon garnishments provided that the allegations and interrogatories should be prepared, and filed "on or before the return day of the writ."  The act of 1889 re-enacted these statutes, making only a few changes, but made none as to the conditions upon which the writ should issue, but left the statutes which were re-enacted unchanged in that respect, at the same time providing that the allegations and interrogatories should be filed on the day of its issue, which may be either before or after.  The object of the change was probably to allow the garnishee more time in which to prepare his answers, and for no other purpose.

The chief jurisdictional fact is the commencement of the action in which the writ of garnishment was issued, or the rendition of the judgment upon which it was issued.  In the latter case it serves as an execution, seizing and holding the credits and effects of the defendant in the hands of the garnishee for the purpose of satisfying the judgment; and in the former case, as an order of attachment to seize and hold the credits and effects for the satisfaction of the judgment the plaintiff shall recover.  In both cases the clerk or justice of the peace has the right to issue it, regardless of the filing of the allegations and interrogatories, and the officer to whom it is directed can lawfully serve it.  The filing, then, of the allegations and interrogatories is not necessary to create a lien upon the property of the defendant in the possession of the garnishee.  Thus far the court can safely go within the limits of its jurisdiction without the filing of any pleading.  It is not reasonable to suppose that it was the intention of the statutes that the court or justice of the peace shall lose the juris-

diction so far rightly exercised, and that the issue and service of the writ shall become void, by the failure to file the allegations and interrogatories, when their language expresses or indicates no such intention.   But we do not mean to say that the allegations and interrogatories need not be filed.   They ought to be filed, but the failure to file them cannot defeat the jurisdiction of the court, but, like any other failure of a court exercising its jurisdiction to conform to the law in any important particular, constitutes an error for which a judgment against the garnishee can be set aside on appeal or writ of error, but which could not have been reached as a general rule by a writ of certiorari at the time the judgment appealed from in the case before us was rendered.

The writ of garnishment gives the person therein named as garnishee notice of the object of its issue, and commands him to appear at its return day, and answer what goods, chattels, moneys, credits and effects he may have in his hands or possession belonging to the defendant.   To this extent it serves as a summons and a pleading.   The allegations and interrogatories call his attention to, specify and remind him of, the goods, chattels, moneys, credits and effects supposed to be in his possession, touching which he is required to answer.   If they had not been required by the statutes, there could be no necessity for their filing.   The fact that the proceeding instituted by the writ may, so far as it affects the garnishee, be in the nature of an action against him does not render the filing of the allegations and interrogatories a prerequisite to the investiture of the court or justice of the peace with jurisdiction.   This was a matter clearly within the control of the legislature.

In the case before us the appellant had a full, complete and adequate remedy by appeal.   It lost it by its own negligence, and is not entitled to the relief sought.

Judgment affirmed.

RIDDICK, J., took no part.