## LERNER *v.* LUTES.

Opinion delivered January 18, 1932.

*A. A. Hornsby* and *Lowell W. Taylor,* for appellant.
*Reid, Evrard & Henderson,* for appellee.

HUMPHREYS, J. This appeal from the circuit court of Mississippi County involves a question of priority between appellants as garnishers and certain appellees and subsequent garnishers of a fund of $2,305 paid to the clerk of the court by the garnishee, Liverpool & London & Globe Insurance Company of Liverpool, England, under the allegations and answers joining the issue of priority and the following stipulation in substance:

On May 20, 1931, a stipulation was filed by all parties to the effect that appellants obtained a judgment in the circuit court of said county on January 31, 1930, against Henry Lutes for $1,302.40; Lutes had an insurance policy with said insurance company in the sum of $2,500 on a building which was destroyed by fire; that on January 28, 1930, appellants caused a writ of garnishment to be served on said insurance company; that intervener, Arkansas Grocery Company, brought suit against Henry Lutes in the circuit court of Mississippi County on December 2, 1930, for $1,080.50, and caused a writ of garnishment to be served on said insurance company; that the other interveners subsequently brought suit in the common pleas court of said county, against Henry Lutes,

and caused writs of garnishment to be served on said insurance company. It was further stipulated that a compromise had been reached between Henry Lutes and said insurance company by which the insurance claim had been settled for $2,305; that upon payment of said sum to the circuit clerk of Mississippi County, said insurance company would be discharged of all liability; that R. L. Gaines, clerk of the circuit court of Mississippi County, be substituted as garnishee in place of said insurance company, as of the day and date of the service of the respective writs of garnishment on said insurance company, and that the rights of the respective plaintiffs to the said settlement be determined by the court just as though said moneys were in the hands of said clerk, on the date of the service of the respective writs of garnishment, and the same as though the writs of garnishment had been served on him on said dates, and that the rights of the respective plaintiffs to said money be determined by the court just as though said insurance company had not been released from liability and such settlement had not been made.

The several appellees who obtained writs of garnishment against said insurance company subsequent to the writ of garnishment by appellants alleged that their garnishments created paramount and prior liens on said fund to the lien obtained by appellants because they each filed allegations and interrogatories required by § 4910 of Crawford & Moses' Digest at the times their several writs of garnishment were sued out, and that appellants failed to do so, and, by reason of such failure, acquired no lien on or right to the fund.

Appellants filed an answer denying that their failure to file allegations and interrogatories required by the statute prevented them from acquiring a lien on the fund prior to the lien of said appellees.

The statute relied upon by appellees to establish their alleged priority to said fund is as follows:

"The plaintiff shall, on the day on which he sues out his writ of garnishment, prepare and file all the allega-

tions and interrogatories, in writing, with the clerk or justice issuing such writ, upon which he may be desirous of obtaining the answer of such garnishee touching the goods and chattels, moneys, credits and effects of the said defendant, and the value thereof, in his hands and possession, at the time of the service of such writ, or at any time thereafter." Crawford & Moses' Dig., § 4910.

This section of the statute was under construction in the case of *Little Rock Traction & Elec. Co.* v. *Wilson,* 66 Ark. 582, 53 S. W. 43, wherein the court ruled that judgments against garnishees without allegations and interrogatories were irregular but not void. It is manifest that the statute was passed for the benefit of the garnishee, and not as a prerequisite to acquiring a lien on funds in the hands of third parties belonging to the defendant. Attention is called by appellees to the case of *Wilson* v. *Overturf,* 157 Ark. 385, 248 S. W. 898, in support of their contention that allegations and interrogatories are necessary prerequisites to the validity of judgments against garnishees. All that the court held in that case was that no default judgment could be taken against a garnishee without sufficient allegations and interrogatories first being filed. A default judgment against the garnishee had not been rendered when appellees intervened and sought to have their garnishment liens declared prior and paramount to the supposed lien of appellants. No default judgment could have been rendered against the garnishee because the substituted garnishee answered, admitting the indebtedness of the original garnishee to Henry Lutes, against whom appellants obtained judgments upon which writs of garnishment were issued.

Appellants' writs of garnishment were issued and served upon the garnishee prior in time to the writs of garnishment of appellees, and hence were prior and paramount liens upon the funds deposited with the substituted garnishee.

The judgment is reversed, and the cause is remanded with directions to the trial court to so declare.