**ORLEANS MFG. CO. v. HINKLEY.**

No. 9077.

Court of Civil Appeals of Texas. San Antonio.

May 17, 1933.

Rehearing Denied July 1, 1933.

W. C. Tisdale, of McAllen, Ralph A. Dunkelberg, of Brownsville, and Peyton A. Elli-

son and Hoyt A. Armstrong, both of Dallas, for plaintiff in error.

Bascom Cox, of Brownsville, and Ward & Ward, of Houston, for defendant in error.

SMITH, Justice.

This is a garnishment proceeding in which the Orleans Manufacturing Company sought to impound funds alleged to be owing by Burt Hinkley, Jr., to Burt E. Hinkley, Sr., based upon a judgment for $2,003 alleged to have been obtained by the manufacturing company against Hinkley, Sr. The garnishee, Hinkley, Jr., answered setting up numerous defenses, and upon a hearing without a jury the trial court discharged the garnishee, with attorney's fees. The garnishor, manufacturing company, brings the case up by writ of error. The plaintiff in error will be referred to as garnishor and the defendant in error as garnishee, as in the trial court.

■ The garnishor based its application for the writ upon the allegation that it then held an unsatisfied judgment for $2,003, which had been rendered in its favor against the elder Hinkley in the One Hundred and Third district court of Cameron county, on December 16, 1930. Upon the trial, however, there was no evidence that such judgment had ever been rendered, or, if rendered, that it had not been appealed from or reversed or revised; or that it had become final or was outstanding, or was then owned by the garnishor. In short, there was no foundation set up in the trial court upon which to base any judgment against the garnishee, even had it been shown that he was indebted to the principal defendant. This omission alone requires affirmance. We conclude the judgment should be affirmed upon other grounds, as well.

■■ The trial court found, for example, that at the time of testing the liability of the garnishee the latter was not only not indebted to the debtor, but the latter was indebted to him, by a process of offsetting reciprocal debts. This finding is not questioned by the garnishor. It is primarily a question of fact, and the trial court's finding thereon must control in the absence of a conclusive showing of error. No such showing is made here. The record shows numerous transactions between the Hinkleys, with resulting reciprocal obligations due. We see no reason in this case why a balance should not be struck by the parties in determining the garnishee's answer to the writ. We will not disturb the trial judge's finding upon this issue.

The garnishor further sought to recover of the garnishee upon the ground that the latter had disregarded the Bulk Sales Law (Rev. St. 1925, arts. 4001–4003) in the purchase of an undertaking business from the elder Hinkley. The trial court found, first, that the property purchased in that transaction was not of the character contemplated by that law, and that therefore the purchaser was not compelled to comply with the provision of the law (article 4001) requiring the purchaser to give notice to the creditors of the seller. We cannot say as a matter of law that this finding was error, and are not required to search the record for that purpose, in the absence of timely complaint of that finding.

The judgment is affirmed.

### On Motion for Rehearing.

It was held in the original opinion that in the absence of a showing that the alleged judgment upon which the garnishor based its application for writ of garnishment was ever rendered, and had never been set aside, reversed, or satisfied, a judgment denying recovery to the garnishor should be affirmed.

■ In its motion for rehearing plaintiff in error invokes the familiar rule that in case of garnishment proceedings based upon a judgment rendered in the same court, the court will take notice of such judgment without requiring its introduction in evidence. That rule would apply here if judgment had been for the garnishor; that is, the presumption of prior judgment would be indulged in support of the judgment in garnishment. But here recovery was denied the garnishor, and the presumption is not available to him. It might be that recovery was denied plaintiff in error upon the very fact (in addition to the reasons given by the court) that plaintiff in error had no judgment in that court to support garnishment.

We did not intend to hold in the original opinion, as plaintiff in error contends we did in fact hold, that plaintiff in error could not here complain of the findings of the trial court without having first excepted thereto below. We simply held, incidentally, that such complaints in this court must be by specific assignment of error. Upon consideration we conclude that plaintiff in error in fact efficiently assigned error upon the finding discussed in the original opinion. Nevertheless, we adhere to the holding that that finding is supported by the record, and we will not disturb it.

Plaintiff in error's motion for rehearing will be overruled.