NUNNALLY *v.* NUNNALLY.

4-3802

Opinion delivered April 15, 1935.

*C. A. Holland*, for appellants.

*C. T. Carpenter*, for appellees.

SMITH, J.   G. A. Nunnally filed a complaint against J. W. and Maggie Nunnally, who are husband and wife, in which he alleged that he had sold to J. W. Nunnally a three-fifths interest in certain town lots for $3,000, of which $500 was paid in cash, and the balance of $2,500 was evidenced by a promissory note, due one year from date and secured by a mortgage upon the lots.   There was a prayer for judgment for the amount of the note and interest and for the foreclosure of the mortgage securing it.   It was alleged that the mortgaged property had greatly depreciated in value and writs of garnishment were issued against certain persons alleged to be indebted to J. W. Nunnally.

The execution of the mortgage by J. W. Nunnally and his wife was admitted, but it was denied that Mrs. Nunnally had executed the note which it secured.

Interventions were filed by W. P. and T. S. Mills, who held prior liens on the lots, which were disposed of and need not be discussed, as no one complains of the disposition of the interventions.

Certain real estate belonging to Mrs. Nunnally individually was attached.

The most important question in the case is the one of fact whether Mrs. Nunnally signed the purchase-money note which was secured by the mortgage sought to be foreclosed, and upon this issue much testimony was taken, which we find to be in irreconcilable conflict. Before passing upon this question of fact, the court rendered a decree in which judgment was awarded against J. W. Nunnally for the amount of the note, and the mortgaged property was ordered sold in satisfaction thereof, and a commissioner was appointed to make the sale. After so ordering the decree recites that: "This cause is continued as to the liability of Maggie Nunnally on said note, the attachment, the garnishees and the interveners."

This decree was rendered May 2, 1932. On June 20, 1934, a supplemental and final decree was rendered, from which is this appeal. This decree recites numerous pleadings, motions and depositions upon which the cause was finally heard. Among other pleadings, to which the decree refers were the "Allegations and Interrogatories addressed to Allen Bream, John Mack H. Cobb and J. A. Ashlock, and Returns of Sheriff." The three persons named were the garnishees. From all these pleadings and depositions the decree recites that the court finds that Mrs. Nunnally had joined her husband in making the purchase-money note secured by the mortgage, but that the attachment of her individual property should be dissolved at the cost of the plaintiff, and from that part of the decree dissolving the attachment against Mrs. Nunnally's individual land there is no appeal.

The court found: "That the garnishments herein against Allen Bream for the amount of $125, against John Mack H. Cobb for the amount of $125, and against J. A. Ashlock for the amount of $1,500, should be sustained, and a judgment for said amounts in favor of plaintiff should be rendered against the said garnishees."

The rights of the interveners against J. W. Nunnally and Maggie, his wife, were adjudged, and it was ordered that the sums due the interveners from them be first paid out of the proceeds of the sale of the mortgaged lots, and that any sum remaining after the interveners had been paid be delivered and paid to plaintiff, who was also given judgment against the garnishees.

We do not review the voluminous testimony taken upon the disputed question of Mrs. Nunnally's execution of the note. It is impossible to reconcile the testimony, and it must suffice to say that the chancellor's finding that she did sign the note does not appear to be contrary to the preponderance of the evidence.

The clerk has certified that the transcript is incomplete in several particulars, in that it does not contain, among other omitted documents, the allegations and interrogatories addressed to the garnishees, Allen Bream, John Mack H. Cobb, and J. A. Ashlock, and the returns of the sheriff thereon. In response to a petition for a writ of certiorari requiring the clerk to certify up the omitted documents, a return has been made by the clerk that these documents are not in the files of his office. A motion to dismiss the appeal has been filed, to which the appellants have responded, and explanations are made of the absence of the missing documents showing that they have been lost.

We do not dispose of the motion to dismiss the appeal, nor do we discuss the question as to how and in what manner these missing documents might be supplied, as the record before us sufficiently identifies them and proves their contents for the cause to be disposed of upon its merits, even in their absence. Appellants insist that the garnishments should be dismissed, because the record does not show that the garnishees were served with process, and the case of Schiele v. Dillard, 94 Ark. 277, 126 S. W. 835, is cited in support of that contention. It was held in the case cited that: "The garnishee must be served with process. In this respect the garnishee is different from the defendant, who can give jurisdiction to the court by entering his personal appearance, even though not served with process. The validity of garnish-

ment proceedings rests entirely upon complying with judicial process and statutory provisions." But, as we have said, we think it sufficiently appears, even in the absence of the return of the sheriff upon the writs of garnishments, that the garnishees were properly served. Such is the effect of the recitals of the decree. Ashlock was the only one of the garnishees who filed an answer, and the opening paragraph of this answer reads as follows: "Comes J. A. Ashlock, and for his answer to interrogatories and writ of garnishment filed in this cause and served on him by the sheriff of Poinsett County, states," etc. There appears therefore to be no question that the garnishee Ashlock was properly before the court.

We are also of the opinion that the garnishees Bream and Cobb were properly before the court, but that fact is unimportant, so far as Cobb is concerned, for the reason presently to be stated. Bream and Cobb filed no answer, as the statute requires, and judgment might have been taken against them for the full amount of plaintiff's demand against the original defendant for the want of the answer which the statute required them to file. Section 4916, Crawford & Moses' Digest. *Ark. Rice Growers' Co-Operative Ass'n* v. *Minneapolis-Moline Power Implement Co.,* 188 Ark. 187, 65 S. W. (2d) 913. But judgment was not asked for the want of an answer. The indebtedness of each and all the garnishees appears to have been treated as being at issue. Their depositions were taken by plaintiff himself in the attempt to show that they were indebted to J. W. Nunnally and the amounts thereof. Cobb was asked if the garnishment had been served upon him, and to that question he made no response. But his examination shows there was no indebtedness due from him to J. W. Nunnally, and there is no testimony to the contrary. Judgment should not therefore have been rendered against Cobb.

Bream admitted, however, that he had been indebted to J. W. Nunnally for about $125, but he stated that he had paid the debt "about a couple of months ago." This date was subsequent to the service of the garnishment on Bream, and he made this payment at his peril and must be held responsible for this debt. *Mabry* v. *Manncy,*

*ante p.* 154. Judgment was rendered against Bream for $125, and that judgment should be affirmed.

As has been said, Ashlock filed an answer in which he denied owing J. W. Nunnally anything, and in his deposition, taken by plaintiff, he gave testimony to the same effect. He admitted that about a year before his deposition was taken he was indebted to J. W. Nunnally in an amount "somewhere close to $2,600," but he testified that this indebtedness had been compromised and settled for $900 cash. This deposition was taken February 21, 1933. The answer and cross-complaint of J. W. Nunnally was filed March 9, 1932, and the first decree was rendered May 2, 1932. We do not have before us the return of the sheriff upon the writ of garnishment. The trial court, no doubt, had this information, and evidently found that this settlement of a twenty-six hundred dollar debt was made for nine hundred dollars after the service of the writ of garnishment. Judgment was rendered for $1,500, the difference between these amounts, of which action Ashlock is in no position to complain. The judgment against Ashlock must therefore be affirmed.

The result of the views here expressed is that the decree of the court below must be affirmed as to all appellants except Cobb. As to him the decree will be reversed, and the cause dismissed.