BRAY *v.* WILLEY.

5-3645                                    395 S. W. 2d 342

Opinion delivered October 25, 1965.

[Rehearing denied November 29, 1965.]

*Terral, Rawlings & Matthews* and *John I. Purtle,* for appellant.

No brief filed for Appellee.

ED. F. McFADDIN, Associate Justice. This is a garnishment case; and the issue is the alleged liability of the garnishee to the judgment plaintiff. Although the amount here involved is very small in monetary value, the legal principles are so important that much time has been spent in research.[1]

On January 10, 1963, appellant Bray recovered a damage judgment against Dave Haneline for $215.97. On January 25, 1963 Bray caused a writ of garnishment after judgment (Ark. Stat. Ann. § 31-501 *et seq.* [Repl. 1962]) to be served on Ed Willey & Son (hereinafter sometimes referred to as "garnishee" or as "Appel-

---

[1] Indicative of the research this case has required, we call attention to the following cases, and/or notes: *Coward* v. *Barnes,* **232 Ark.** 177, 334 S. W. 2d 894; *Gossett* v. *Merchants Bank,* 235 Ark. 665, 361 S. W. 2d 537; *Day* v. *Bank of Del Norte* (Colo.), 230 P. 785; *Ralston* v. *King* (Mo. App.), 101 S. W. 2d 734; *Jacobs* v. *So. Bell Tel. Co.* (Ga. App.), 193 S. E. 487; *Orleans Mfg. Co.* v. *Hinkley* (Tex. App.) 61 S. W. 2d 865; *Russell* v. *Fred Pohl Co.* (N. J.), 80 A. 2d 191; *Paisley* v. *Park,* 222 Ill. App. 96; *Poncher* v. *Mohawk,* 224 Ill. App. 218; *Wunderlich* v. *Merchants Bank* (Minn.), 18 Ann. Cas. 212, and case note following opinion; *Wunderlich* v. *Merchants Bank* (Min.), 27 L.R.N.S. 811 and case note following opinion.

lee''). On January 31, 1963 the garnishee filed answer to the interrogatories, stating that the garnishee was not indebted to the defendant on and after the service of the writ of garnishment. Shortly thereafter the garnishee paid the defendant $34.35. On February 8, 1963 Bray controverted and denied the correctness of the answer of the garnishee, claiming that the garnishee had been indebted to Dave Haneline. Trial to the Court on February 10, 1965 resulted in a judgment discharging the garnishee; and from that judgment Bray prosecutes this appeal, relying on one point:

''That the Court erred in discharging the garnishee.''

The evidence, viewed in the light most favorable to the judgment, as is our rule in law cases, discloses: that some time prior to the writ of garnishment Haneline had borrowed $75.00 from Willey, and was ''working it out''; that on January 25, 1963 when the writ of garnishment was served, Haneline was actually indebted to Willey for $75.00 for a bona fide debt; and that after Willey filed his answer on January 31, 1963 he let Haneline have $34.35 for living expenses. It is this payment of $34.35 that gives rise to this appeal. It is not claimed that there was any collusion or fraud between Haneline and Willey to cover up assets in order to defeat Bray's judgment. It is a simple question of whether Willey had a right to deliver to Haneline $34.35 after the service of the writ of garnishment. Appellant insists that when the writ of garnishment was served on Willey, such service determined the status of the parties; and that Willey could not pay any amount of money to Haneline after that date; and appellant cites, *inter alia, Harris* v. *Harris,* 201 Ark. 684, 146 S. W. 2d 539.

Our cases hold with practical unanimity that if the garnishee makes any payment to the defendant after the service of the writ of garnishment he does so at his own peril. *Adams* v. *Penzell,* 40 Ark. 531; *Hockaday* v. *Warmack,* 121 Ark. 518, 182 S. W. 263; *Fox* v. *Pinson,* 172 Ark. 839, 81 S. W. 2d 833; and *Harris* v. *Harris,* 201 Ark. 684, 146 S. W. 2d 539. The authorities generally also recognize the right of offset; that is, if the defendant is indebted to the garnishee for some amount and the

garnishee has in his hands any goods, credits, or money belonging to the defendant, then the garnishee can keep enough of same to satisfy his claim against the defendant. In 38 C. J. S. p. 409, "Garnishment" § 183, the holdings are summarized:

"A garnishment lien or right is subject to equities and demands existing in favor of the garnishee at the time the lien or right attached, but is superior to claims which came into existence thereafter."

Likewise, in 6 Am. Jur. 2d p. 873, "Attachment and Garnishment" § 449, the holdings are summarized:

"As a general rule, a garnishee cannot be placed in any worse condition than he would be if the defendant's claim against him were enforced by the defendant himself, except in cases of fraud and collusion between the defendant and the garnishee. Consequently, the liability, legal and equitable, of the garnishee to the defendant, or the property of the defendant in his possession, is a measure of his liability to the plaintiff, and the plaintiff can have no greater right against the garnishee than the defendant."

We recognize all of these rules; but the question here is whether Willey has become liable to Bray for $34.35, which he could have offset against Haneline's indebtedness to him. Again we emphasize that there is no evidence or indication of fraud or collusion between Willey and Haneline to defeat Bray's judgment. If there had been, what we hereafter hold would not apply.

In view of what we have said, we therefore hold: that when Willey was garnished he had a right to offset $34.35 that he owed Haneline on the $75.00 debt that Haneline owed Willey. So when Willey paid Haneline $34.35 then as far as Bray was concerned, the debt of Haneline to Willey was reduced in that amount. If Willey had ever paid Haneline or credited to his account, more than $75.00, then for such excess over the $75.00 bona fide indebtedness Willey would have been liable to Bray. This is all in the absence of fraud or collusion. The situation here is not like that which existed in *Mabry*

v. *Manney,* 190 Ark. 154, 77 S. W. 2d 978. We emphasize again that the record here shows a bona fide indebtedness of $75.00 due from Haneline to Willey, and only $34.35 due by Willey to Haneline for service rendered. The payment of $34.35 could not be in addition to same credit on the note, but was the full amount due by Willey to Haneline.

We adhere to our rule that whenever the writ of garnishment is served, any moneys, credits, goods, or effects, in the hands of the garnishee due the defendant must be reported to the Court, and if any such is surrendered by the garnishee to the defendant, such surrender is at the peril of the garnishee. But, here, all such surrender was less than the indebtedness the defendant owed the garnishee; so the judgment rendered by the Court in this case was correct.

Affirmed.