James M. WALSH, Appellant,

v.

WAL–MART STORES, INC., Appellee.

Richard McClean; Patricia Patterman.

No. 87–1728.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 23, 1987.

Decided Jan. 21, 1988.

Michael Yarbrough, Springdale, Ark., for appellant.

Rhonda J. Parish, Bentonville, Ark., for appellee.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

PER CURIAM.

James Walsh appeals from the District Court's[1] order dismissing his complaint against Wal–Mart Stores, Inc., for failure to state a claim upon which relief can be granted. We affirm.

Walsh, employed by Wal–Mart in Arkansas, sought judgment in the amount of wages withheld by Wal–Mart pursuant to a writ of garnishment entered in a Colorado state court and enforced under the Arkansas Uniform Reciprocal Enforcement of Support Act, Ark.Stat.Ann. §§ 34–2401 to –2442 (Supp.1985). Walsh alleged that the writ was facially invalid and that he did not receive notice of his rights,[2] and that Wal–Mart knew that this rendered the garnishment invalid.

 The District Court correctly concluded that the constitutionality of a writ of garnishment is not something which an employer-garnishee must determine before complying with its terms. Arkansas statutory law, 1987 Ark. Acts 523, places the responsibility upon the judgment creditor, not the garnishee, to insure that the judgment debtor receives notice of his rights as required by *Davis v. Paschall,* 640 F.Supp. 198 (E.D.Ark.1986). An employer presented with a court order and writ of garnishment is required to comply with that order and garnish its employee's wages; failure to garnish may render the employer-garnishee liable to the judgment creditor. *See Bray v. Ed Willey & Son,* 239 Ark. 855, 856, 395 S.W.2d 342, 343 (1965); *Harris v. Harris,* 201 Ark. 684, 687, 146 S.W.2d 539, 540–41 (1941). Finally, foreign child-support judgments and accompanying writs of garnishment are recognized and enforced

---

1. The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.

2. In *Davis v. Paschall,* 640 F.Supp. 198 (E.D.Ark. 1986), Arkansas's postjudgment garnishment procedures, which fail to provide notice to judgment debtors of their rights to claim state and federal exemptions and to a prompt hearing, were declared unconstitutional.

by Arkansas courts under the Uniform Enforcement of Foreign Judgments Act, Ark. Stat.Ann. §§ 29–801 to –818 (1979 & Supp. 1985), and the Uniform Reciprocal Enforcement of Support Act.

Accordingly, we affirm the order of the District Court.