The Honorable Morril Harriman State Senator 522 Main Van Buren, AR 72956
Dear Senator Harriman:
This is in response to your request for an opinion regarding A.C.A. §16-110-402 (Supp. 1995), which governs the procedure to be followed in issuing writs of garnishment. Your specific question is whether subsection (4) of § 16-110-402 requires the judgment creditor to have completed the certificate of service statement prior to the circuit clerk's accepting a writ of garnishment for filing. In other words, you have asked, "must the Circuit Clerk verify that the certificate of service statement has been completed, including date of mailing, prior to issuance of the writ?"
It is my opinion that the answer to this question is "no." Section16-110-402(4) states as follows:
 CERTIFICATE OF SERVICE STATEMENT. The circuit clerk shall include as a part of the writ of garnishment a certification statement of the above service on the judgment debtor.[1]] The judgment debtor must complete the certificate of service statement by listing the name and address of the judgment debtor and the date of mailing. The statement must be signed by the judgment creditor or his attorney.
The requirement that the certification statement be included "as a part of the writ of garnishment" (see above) is intended, in my opinion, to require that this statement be incorporated as a part of the writ, as opposed to being attached to the writ. This distinction is reflected in subsection (1) of § 16-110-402 with respect to the required "Notice to Defendant." This Notice may either be attached to the writ (subsection (1)(A)) or "incorporated as a part of the writ" (subsection (1)(B)). Thus, the form or application for a writ of garnishment must include this "certificate of service statement" as part of the writ.
The certification statement must be completed by the judgment creditor and signed by him or his attorney. (See above.) There is no requirement, however, that this be done prior to issuance of the writ. In fact, imposing such a requirement would be nonsensical in light of subsection (2)(A) of § 16-110-402 wherein it provides that the judgment creditor "is responsible for mailing a copy of the writ of garnishment and the `Notice to Defendant' to the judgment debtor the same day that he serves the writ of garnishment and the `Notice to Defendant' on the garnishee." (Emphasis added.) This "same day" service obviously could not reasonably be accomplished if the creditor was required to complete the certification statement before the writ would be issued.
Rather, in my opinion, § 16-110-402(4) may reasonably be construed to require that the circuit clerk include the certification statement on the form or application for a writ of garnishment. The judgment creditor is then responsible for mailing the writ and the "Notice to Defendant" when he serves the garnishee (§ 16-110-402(2)(A)); and he must complete and sign the certificate of service statement. The judgment creditor thus has the responsibility to insure that the judgment debtor receives notice of his rights. Accord Walsh v. Wal-Mart Stores, Inc., 836 F.2d 1152 (8th Cir. 1988), citing Davis v. Paschall, 640 F. Supp. 198 (E.D. Ark. 1986).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Subsection 2(B) requires that the judgment creditor mail a copy of the writ of garnishment and the "Notice to Defendant," by first-class mail, to the residence of the judgment debtor, or to his place of employment as authorized therein.